UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHICAGO TITLE INSURANCE COMPANY, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | NO. 3:02-CV-1095 (CFD) |
| | : | |
| v. | : | |
| | : | |
| THE KENT SCHOOL CORPORATION, | : | |
| | : | |
| Defendant. | : | MAY 21, 2004 |

**DEFENDANT'S MOTION TO AMEND AFFIRMATIVE DEFENSE AND INCORPORATED MEMORANDUM OF LAW**

The Defendant, The Kent School Corporation ("Kent School"), moves this Court pursuant to Rule 15 of the Federal Rules of Civil Procedure to amend its Affirmative Defense to more clearly state Kent School's position. As originally pled, the sole Affirmative Defense read as follows:

AFFIRMATIVE DEFENSE

> The plaintiff accepted coverage for defense of the underlying claim, and unconditionally paid defense costs with respect to the claim for a period in excess of twenty-four (24) years. As a result of plaintiff's conduct, Kent School has justifiably relied upon the plaintiff's continued defense of the underlying claim, and the plaintiff is thereby estopped from unilaterally terminating coverage.

See September 27, 2002 Answer, Affirmative Defense and Counterclaim at Page 3.

ORAL ARGUMENT NOT REQUESTED
TESTIMONY NOT REQUIRED

Kent School believes that this statement gives Chicago Title fair notice as to the grounds of Kent School's defense: that is, that Chicago Title sat on its rights to the prejudice of the School such that Chicago Title should not be permitted to enforce those rights under the circumstances. See, Retepromaca Representaciones Tecnicas Proyectos Y Sistemas v. The Ensign-Bickford Co., 2004 U. S. Dist. LEXIS 5552, at * 21 (Mar. 30, 2004 D. Conn.)(Rule 8 only requires simplified notice pleading). (Attached hereto as Exhibit 1)

However, based upon the argument set forth in Chicago Title's Motion for Summary Judgment, Kent School now believes that Chicago Title has taken a narrow view of the scope of the Affirmative Defense. See Chicago Title Memorandum in Support of Motion for Summary Judgment at Pages 18-19. Therefore, in an effort to clarify the pleadings, Kent School is seeking to amend its Affirmative Defense to read as follows:

AMENDED AFFIRMATIVE DEFENSE

> The plaintiff accepted coverage for defense of the underlying claim, and unconditionally paid defense costs with respect to the claim for a period in excess of twenty-four (24) years. As a result of plaintiff's conduct, Kent School has justifiably relied upon the plaintiff's continued defense of the underlying claim to its prejudice. The plaintiff is thereby estopped from asserting, or has waived, any claimed right to unilaterally terminate coverage.

See, Amended Affirmative Defense appended hereto (changes underlined).

Rule 15(a) of the Federal Rules of Civil Procedure states that leave of court to amend "shall be freely given when justice so requires." F.R.C.P. 15(a). The United States Supreme Court has interpreted the rule to say that amendment should be allowed "in the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant." Foman v. Davis, 371 U.S. 178, 182 (1962). Here, Kent School simply seeks to clarify its affirmative defense. As such, there is no undue delay, bad faith or dilatory motive. Therefore, Kent School's Motion to Amend its Affirmative Defense should be granted.

The undersigned certifies that he has communicated with Attorney Lawrence Heffernan who, on behalf of Chicago Title, advised that he objects to the granting of this Motion.

DEFENDANT - THE KENT SCHOOL CORPORATION

By: /s/ Francis J. Brady
Francis J. Brady - ct04296
Michael J. Donnelly - ct07974

Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone: (860) 240-6000
Facsimile: (860) 240-6150
Its Attorneys

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Motion to Amend Affirmative Defense and Incorporated Memorandum of Law was mailed first-class, postage prepaid, on this 21st day of May, 2004 to:

Frank P. Coulom, Jr., Esq.
Marion B. Manzo, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-34597

Lawrence Heffernan, Esq.
Robinson & Cole LLP
One Boston Place
Boston, Massachusetts 02108-4404

/s/ Michael J. Donnelly
Michael J. Donnelly

**EXHIBIT 1**

LEXSEE 2004 US DIST LEXIS 5552

**RETEPROMACA REPRESENTACIONES TECNICAS PROYECTOS Y SISTEMAS, C.A., Plaintiff, v. THE ENSIGN-BICKFORD COMPANY, Defendant.**

**CIVIL ACTION NO., 3:98cv1857 (SRU)**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT**

**2004 U.S. Dist. LEXIS 5552**

**March 30, 2004, Decided**

**DISPOSITION:** Defendant's motion judgment as matter of law denied. Defendant's motion for new trial denied. Plaintiff's motion asking court to grant pre-judgment interest on its award denied.

**LexisNexis (TM) HEADNOTES - Core Concepts:**

**COUNSEL:** [*1] For Retepromaca Representaciones Technicas Proyectos Y Sistemas C.A., Plaintiff: Christine E. Corriveau, Francis A. Miniter, Miniter & Associates, Hartford, CT.

For The Ensign-Bickford Company, Defendant: Bradford S. Babbitt, Elizabeth R. Leong, Eric D. Daniels, James A. Wade, Robinson & Cole, Hartford, CT.

**JUDGES:** Stefan R. Underhill, United States District Judge.

**OPINIONBY:** Stefan R. Underhill

**OPINION:**

**RULING ON POST-TRIAL MOTIONS**

Retepromaca Representaciones Technicas Proyectos Y Sistemas C.A. ("Retepromaca") brought this action against The Ensign-Bickford Company ("EBCo") for breach of an alleged contract to have Retepromaca serve as EBCo's exclusive sales representative in Venezuela. Following a threeday trial, the jury returned a verdict in favor of Retepromaca for $ 249,079. Judgment entered on April 4, 2003 . EBCo now moves for judgment as a matter of law - arguing that Retepromaca did not prove the existence of a contract or the amount of damages. In the alternative, EBCo moves for a new trial - arguing that the court improperly instructed the jury that it could find an oral or implied contract. Retepromaca has made its own motions, asking the court to grant pre-judgment [*2] interest on its award. For the reasons set forth below, all these motions are denied.



**I. Facts**

The following facts were either agreed to by the parties or could reasonably have been found by the jury on the evidence presented at trial.

EBCo manufactures and sells explosive products used in commercial mining and oil exploration. Its mining products are used to destroy rocks in order to expose and extract ore. In oil exploration, EBCo's seismic products are used to create explosions that facilitate the identification of drill spots likely to yield oil. (Tr.1 64-65; Tr.2 152-56) n1

n1 The following notations are used to refer to the transcripts of the three trial days: "Tr.1" for the transcript of March 31, 2003; "Tr.2" for the transcript of April 1, 2003; and "Tr.3" for the transcript of April 2, 2003 .

Retepromaca is located in Venezuela and is wholly owned by its president, Antonio Cordoba ("Cordoba"). (Tr.1 34-35) Starting in 1981, Retepromaca began to act as EBCo's agent for the sale of certain [*3] explosive devices. (Tr.1 36, 79) In 1992 this arrangement was formalized in a letter from EBCo to Cordoba, appointing Retepromaca as EBCo's exclusive agent in Venezuela. (Defendant's Exhibits 1, 2) A second, similar letter of appointment was sent in 1995. (Plaintiff's Exhibit 1)