UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHICAGO TITLE INSURANCE COMPANY | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | NO: 3:02-CV-1095(CFD) |
| v. | : | |
| | : | |
| THE KENT SCHOOL CORPORATION | : | |
| Defendant. | : | MAY 21, 2004 |

**DEFENDANT THE KENT SCHOOL CORPORATION'S LOCAL RULE 56(a)(2) STATEMENT OF FACTS IN DISPUTE IN OPPOSITION TO CHICAGO TITLE'S MOTION FOR SUMMARY JUDGMENT**

## I. RESPONSE TO CHICAGO TITLE'S LOCAL RULE 56(a)(1) STATEMENT

1. The Kent School Corporation ("Kent School") admits this paragraph, with the clarification that the $100,000 is the "amount of insurance" but not the "full amount of this policy." (Exhibit 1 to Kent School's Memorandum at pages 1 and 2)

2. Admitted.

3. Admitted, except for the clarification that the one time payment included a premium component and a payment for Chicago Title's examination of title. (Exhibit 1 to Kent School's Memorandum at page 1)

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted, with the clarification that the 1975 action in essence was still being pursued between 1993 and 1998 within the Bureau of Indian Affairs rather than in the United States District Court. (Affidavit of David Elliott at ¶ 5)

10. Admitted, with the clarification that the 1975 action in essence was still being pursued between 1993 and 1998 within the Bureau of Indian Affairs rather than in the United States District Court. (Affidavit of David Elliott at ¶ 5)

11. Admitted, except that the reference should be to Exhibit 14 from Mr. Sides's deposition.

12. Admitted.

13. Admitted.

14. Denied. (Affidavit of David Elliott at ¶¶ 8, 10)

15. Denied. (Affidavit of David Elliott at ¶¶ 8, 10)

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

## II. DISPUTED ISSUES OF MATERIAL FACT

1. Whether Chicago Title has ever tendered the full amount of the insurance policy at issue in this litigation.

2. Whether Chicago Title's defense of the underlying Schaghticoke litigation without a reservation of rights from 1977 through the present serves as a waiver of any right it might have had to terminate its defense obligation by tendering the full amount of the policy at issue.

3. Whether, as a result of its defense of the underlying Schaghticoke litigation without a reservation of rights from 1977 through the present, Chicago Title is estopped from enforcing any right it might have had to terminate its defense obligation by tendering the full amount of the policy at issue.

4. Whether Kent School will be prejudiced if Chicago Title is permitted to tender or pay the $100,000 indemnity amount of the policy, considering the significant increase in land values in Kent, Connecticut from 1977 to 2001, where Chicago Title never raised the tender issue prior to October 2001.

5. Whether Kent School will be prejudiced if Chicago Title is permitted to tender or pay the $100,000 indemnity amount of the policy at issue, considering the change in Native American politics between 1977 and 2001, where Chicago Title never raised the tender issue prior to October 2001.

DEFENDANT - THE KENT SCHOOL CORPORATION

By:____/s/ Francis J. Brady________
Francis J. Brady - ct04296
Michael J. Donnelly - ct07974

Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone: (860) 240-6000
Facsimile: (860) 240-6150
Its Attorneys

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant Kent School Corporation's Local Rule 56(a)(2) Statement was mailed first-class, postage prepaid, on this 21st day of May, 2004 to:

Frank P. Coulom, Jr., Esq.
Marion Manzo, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-34597

Lawrence Heffernan, Esq.
Robinson & Cole LLP
One Boston Place
Boston, Massachusetts 02108-4404

/s/ Michael J. Donnelly
Michael J. Donnelly