UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHICAGO TITLE INSURANCE COMPANY | : | |
| Plaintiff, | : | CIVIL NO. 3 02 CV 1095 (CFD) |
| V. | : | |
| KENT SCHOOL CORPORATION | : | |
| Defendant. | : | JUNE 8, 2004 |

## OBJECTION TO DEFENDANT'S MOTION TO AMEND AFFIRMATIVE DEFENSE

Defendant Kent School Corporation seeks to add a new affirmative defense in response to Plaintiff Chicago Title Insurance Company's motion for summary judgment. Not only has there been an undue delay, but Kent School is not seeking to "clarify" its affirmative defense as it claims. Rather, Kent School attempts to assert an entirely new affirmative defense while terming its motion as a "clarification." This case has been pending for almost two years, the pleadings closed long ago, both parties have conducted extensive discovery and have moved for summary judgment. After studying Chicago Title's Summary Judgment motion and arguments, Kent School has seen a weakness in its defense and now seeks to change their affirmative defenses. The court should not grant the motion to amend its affirmative defense because Chicago Title will be prejudiced by the amendment this late in the process.

Federal Rules of Civil Procedure 8(c) requires a party to "set forth affirmatively . . . estoppel . . . waiver, and any other matter constituting an avoidance or affirmative defense." While 15(a) of the Federal Rules of Civil Procedure provides that leave to amend an affirmative defense "shall be freely given," reasons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party. Barrows v. Forest Laboratories, Inc., 742 F.2d 54, 58 (2d Cir. 1983). "The longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." Evans v. Syracuse City Sch. Dist., 704 F.2d 44, 47 (2d Cir. 1983). In determining what constitutes "prejudice," courts generally consider whether the assertion of the new claim or defense would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute . . . ." Marsh v. Sheriff of Cayuga County, 36 Fed. Appx. 10, 11 (2d Cir. 2002).

Here, the defendant seeks to add a new affirmative defense of waiver. Contrary to its assertions that the amended affirmative defense is a "clarification", the defendant seeks to add waiver in addition to its affirmative defense of estoppel. Waiver and estoppel are two different theories of defense. Under Connecticut law the doctrines of express waiver and estoppel are distinct. See Mackay v. Aetna Life Ins. Co., 118 Conn. 538, 547-48 (1934) ("Waiver is the voluntary relinquishment of a known right . . . Estoppel rests upon the misleading conduct of one party to the prejudice of the other."); see also Burt Rigid Box v. Travelers Prop. Cas. Corp., 302 F.3d 83, 95 (2d Cir. 2002) (interpreting New York insurance law and holding that waiver and estoppel and distinct

theories). Indeed, Rule 8(c) of the Federal Rules of Civil Procedure lists waiver and estoppel as two separate affirmative defenses. See Fed. R. Civ. P. Rule 8(c).

Chicago Title will be prejudiced by this amendment to the affirmative defenses this late in the litigation. The new affirmative defense is based on a different theory and is asserted two years after the filing of the original complaint and well after the filing of a motion for summary judgment. The new affirmative defense will cause Chicago Title prejudice by requiring it to expend additional resources, to conduct further discovery and to redraft its motion for summary judgment. In addition, the amendment would significantly delay resolution of the proceedings while Chicago Title continues to incur substantial legal fees in defense of the underlying litigation. These reasons are sufficient to deny a motion to amend affirmative defenses. Marsh v. Sheriff of Cayuga County, 36 Fed. Appx. at 11. Accordingly, the plaintiff respectfully requests that the court deny the defendant's motion to amend its affirmative defense.

PLAINTIFF,
CHICAGO TITLE INSURANCE
COMPANY

Lawrence P. Heffernan (ct 22567)
lheffernan@rc.com
Frank F. Coulom, Jr. (ct 05230)
fcoulom@rc.com,
Marion B. Manzo (ct 22068)
mmanzo@rc.com
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8240
Fax No.: (860) 275-8299

**CERTIFICATION**

This is to certify that on this 8th day of June, 2004, a copy of the foregoing was sent via facsimile and first class mail to Francis J. Brady, Esq., Murtha Cullina LLP, CityPlace I, 185 Asylum Street, Hartford, CT 06103-3469.

Marion B. Manzo