UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHICAGO TITLE INSURANCE COMPANY, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | NO. 3:02-CV-1095 (CFD) |
| | : | |
| v. | : | |
| | : | |
| THE KENT SCHOOL CORPORATION, | : | |
| | : | |
| Defendant. | : | JUNE 22, 2004 |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO AMEND AFFIRMATIVE DEFENSE**

The Defendant, The Kent School Corporation ("Kent School"), files this Reply Memorandum in response to Plaintiff Chicago Title Insurance Company's Objection to Defendant's Motion to Amend Affirmative Defense dated June 8, 2004 ("Chicago Title's Objection"), and in support of its own Motion to Amend Affirmative Defense dated May 21, 2004 (the "Motion to Amend"). As set forth in the Motion to Amend, Kent School is seeking to clarify that its single affirmative defense is intended to sound in both estoppel and waiver. That is how Kent School intended this defense to be interpreted in light of the similar nature of the theories under the law of Connecticut. When Kent School received Chicago Title's Motion for Summary Judgment in March 2004, however, it became apparent

**ORAL ARGUMENT NOT REQUESTED**
**TESTIMONY NOT REQUIRED**

that Chicago Title was reading the Affirmative Defense more narrowly. Kent School promptly moved to Amend the Affirmative Defense to address the issue.

Under the liberal standard set forth in Rule 15 of the Federal Rules of Civil Procedure, this Court should permit the amendment.

> Pleadings are not intended to be an end in themselves, but only a means to dispose of the controversy. Rule 15, when read in conjunction with other Rules, fosters this approach. Rule 1 requires a "just, speedy and inexpensive determination of every action." Rule 8 requires all pleadings to be construed in a manner to do "substantial justice." Rule 61 requires the court to disregard errors or defects that do not affect the substantive rights of the parties. Rule 15 provides that amendments should be freely granted when justice so requires and that supplemental pleadings should be allowed on reasonable notice and terms that are just.

3 Moore's Federal Practice – Civil § 15.02 (footnotes omitted).

Rule 8 of the Federal Rules of Civil Procedure provides for a system of notice pleading. Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 514 (2002)(the simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and dispose of unmeritorious claims). Here, even before the amendment, the Affirmative Defense gave notice as to the basis of Kent School's defense: Chicago Title waited some twenty-four (24) years before raising its claim that it can avoid defending the title by paying the indemnity limit for the policy. Given that Chicago Title knew the terms

of its own policy from its inception, there can be no surprise that Kent School invoked the defenses of waiver and estoppel.

In fact, in its opposition to the Motion to Amend, Chicago Title does not allege surprise. Similarly, Chicago Title does not protest the defense of estoppel. Instead, in its Objection, Chicago Title repeatedly claims that it will be prejudiced by the "additional" defense of waiver. However, it never explains in any detail how this alleged prejudice will manifest itself. See e.g., Chicago Title's Objection at page 3. In fact, there will be no prejudice from the proposed amendment.

There are two types of waiver, implied waiver and express waiver. With respect to implied waiver, the amended affirmative defense cannot result in any possible prejudice due to the similarity between implied waiver and estoppel. Since the insurance covers property located in Connecticut, the policy is governed by Connecticut law. See Reichhold Chem., Inc. v. Hartford Accident & Indem. Co., 243 Conn. 401, 414 (1997). Under Connecticut law, the concepts of estoppel and implied waiver are "so similar that they are nearly indistinguishable." O'Hara v. Connecticut, 218 Conn. 628, 641 (1991), citing Hanover Ins. Co. v. Firemen's Fund Ins. Co., 217 Conn. 340, 351-52 (1991); S.H.V.C., Inc. v. Roy, 188 Conn. 503, 510 (1982); and Novella v. Hartford Accident & Indem. Co., 163 Conn. 552, 564 (1972).

Even with respect to express waiver, there can be no prejudice to Chicago Title. "Waiver is the intentional relinquishment of a known right." Majernicek v. Hartford Cas. Ins. Co., 240 Conn. 86, 96 (1997). Thus, the theory of express waiver is entirely consistent with the notice provided by the original Affirmative Defense: that Chicago Title sat on its known rights for some twenty-four (24) years. On page three of its Objection, Chicago Title refers vaguely to further discovery that it claims will be required in order to meet the "additional" defense of waiver, but it fails to meet its burden of showing what that further discovery will be.

In light of Federal Rule 15's explicit requirement that leave to amend affirmative defenses "shall be freely given," this failure to provide specific examples as to what additional discovery is contemplated should be fatal to Chicago Title's Objection. See Foman v. Davis, 371 U.S. 178, 182 (1962)(courts should heed the mandate of Federal Rule 15 and freely grant leave to amend pleadings where justice so requires); see also 3 Moore's Federal Practice – Civil § 15-14 (the policy in favor of permitting amendments is extremely liberal).

As Chicago Title itself frames the issue, this Court should consider whether the assertion of the "new" defense will either require Chicago Title to expend significant additional resources to conduct discovery/prepare for trial or significantly delay the resolution of the dispute. Chicago Title's Objection at page 2 citing Marsh v. Cuyuga

County, 36 Fed. Appx. 10 (2d Cir. 2002). Express waiver is the relinquishment of a known right. Chicago Title certainly should be deemed to know its rights under the policy which it issued. In addition, Chicago certainly knew that it sat on whatever rights it had for 24 years. It is difficult to imagine what discovery Chicago Title would need from Kent School on the issue. Whatever information there is would reside in Chicago Title's files.

Finally, to the extent Chicago Title claims that it needs discovery on the waiver issue, it has not been disadvantaged. The parties to this case have agreed, and this Court has ordered, that discovery be conducted in two phases so as to allow for the avoidance of unnecessary expense should the case be disposed of on summary judgment. See Form 26(f) Report of Parties' Planning Meeting dated October 11, 2002 at ¶ 3. The parties agreed to first conduct discovery relevant to the preparation of motions for summary judgment, and to defer discovery on any remaining triable issues until after the Court rules on such motions for summary judgment. Id. Accordingly, if the summary judgment motions are unsuccessful, Chicago Title will have an opportunity to conduct discovery on all aspects of Kent School's defense - - including waiver.[1] Thus, it is difficult to see, and Chicago Title has made no effort to show, how the insertion of the term "waiver" into the affirmative defense will prejudice any of Chicago Title's rights.

---

[1] To the extent that Chicago Title could demonstrate a need for discovery on the waiver issue in connection with the pending motions for summary judgment, Kent School would have no objection to a re-opening of the first phase of discovery for this limited purpose.

For all of the foregoing reasons, as well as those set out in the May 21, 2004 Motion to Amend the Affirmative Defense, the Court should grant Kent School's Motion.

DEFENDANT - THE KENT SCHOOL CORPORATION

By:___/s/ Michael J. Donnelly____
Francis J. Brady - ct04296
Michael J. Donnelly - ct07974

Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone: (860) 240-6000
Facsimile: (860) 240-6150
Its Attorneys
fbrady@murthalaw.com
mdonnelly@murthalaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Reply Memorandum in Support of Motion to Amend Affirmative Defense was mailed first-class, postage prepaid, on this 22nd day of June, 2004 to:

Frank P. Coulom, Jr., Esq.
Marion B. Manzo, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-34597

Lawrence Heffernan, Esq.
Robinson & Cole LLP
One Boston Place
Boston, Massachusetts 02108-4404

/s/ Michael J. Donnelly
Michael J. Donnelly