UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHICAGO TITLE INSURANCE COMPANY | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | NO. 3:02-C-1095 (CFD) |
| v. | : | |
| | : | |
| THE KENT SCHOOL CORPORATION | : | |
| | : | |
| | : | |
| Defendant. | : | OCTOBER 27, 2006 |

---

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON ITS COUNTERCLAIM FOR ATTORNEYS' FEES**

---

DEFENDANT – THE KENT SCHOOL CORPORATION

Francis J. Brady – ct 04296
Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone: (860) 240-6000
Facsimile: (860) 240-6150
Email: fbrady@murthalaw.com

# TABLE OF CONTENTS


TABLE OF CONTENTS .......... i

I. INTRODUCTION .......... 1

II. UNDERLYING FACTS .......... 1

III. ARGUMENT .......... 3

A. A Policyholder Is Entitled to Attorneys' Fees Incurred in Defending a Declaratory Judgment Action Brought by an Insurance Carrier. .......... 4

1. The award of attorneys' fees is consistent with the law of the Second Circuit .......... 5

2. The award of attorneys' fees is consistent with Connecticut law .......... 8

3. The award of attorneys' fees is in harmony with the broad view of a carrier's duty to defend endorsed by the Second Circuit and Connecticut courts .......... 14

B. Kent School Is Entitled to an Award of Attorneys' Fees Reasonably Incurred in Successfully Defending This Action. .......... 15

IV. CONCLUSION .......... 20

## I. INTRODUCTION

Kent School Corporation's ("Kent School") counterclaim for attorneys' fees is the last remnant of a declaratory judgment action brought by Chicago Title Insurance Co. ("Chicago Title") against its policyholder, Kent School. Chicago Title unsuccessfully sought to establish that, pursuant to the policy's indemnity limit, it had exhausted its duty to defend Kent School in an underlying action. On March 17, 2005, this Court granted Defendant Kent School's motion for summary judgment, ruling that Chicago Title is under "a continuing duty to defend" Kent School in the underlying claim. (Ruling on Cross-Motions for Summary Judgment p. 11, Attached at Ex. A). In accordance with the laws of Connecticut and the Second Circuit, this Court should now award Kent School all attorneys' fees and expenses reasonably incurred in successfully defending the declaratory judgment action.

## II. UNDERLYING FACTS[1]

Kent School is an independent, co-educational boarding school located in Kent, Connecticut. It educates more than 550 students drawn from the United States and nineteen foreign countries in grades nine through twelve.

In 1966, Kent School acquired ownership of a piece of property to be incorporated into the school's campus. At that time, Chicago Title examined the title for the property, and sold a corresponding policy of title insurance to Kent School to insure the title of the parcel. The

---

1 See Stipulation of Undisputed Facts, dated October 27, 2006 (Attached at Ex. B); Affidavits of Thomas B. Sides, dated October 27, 2006 and May 19, 2004 (Attached at Ex. C & D).

policy provides for up to $100,000 indemnity. In addition, the policy mandates that Chicago Title "will, at its cost, defend the insured in all actions or proceedings founded on a claim of title or encumbrances not excepted in this policy." (See "Policy of Title Insurance," Attached at Ex. E) (emphasis added).

In 1975, the Schaghticoke Tribal Nation ("the Schaghticoke Tribe") sued Kent School, claiming an interest in the insured property ("the Schaghticoke litigation"). In response, Kent School retained the law firm of Day, Berry & Howard to defend its property rights. In 1993, the U.S. District Court for the District of Connecticut dismissed the Schaghticoke Tribe's complaint without prejudice on the grounds that the United States Bureau of Indian Affairs had not granted the Schaghticoke tribal status. In 1998, the Schaghticoke Tribe reinstated its suit against Kent School. The case is currently pending. See United States v. 43.47 Acres of Land, No. 2:85-CV-01078(CJD) (D. Conn.) (Dorsey, J.).

For more than two decades, Chicago Title acknowledged its contractual duty to defend Kent School without reservation, paying the legal fees incurred in the defense of the Schaghticoke litigation. Those defense payments far exceeded the policy's $100,000 indemnity cap. Chicago Title then arbitrarily reversed course and attempted to cut off its defense obligation to Kent School. In an effort to do so, Chicago Title brought a declaratory judgment action before this Court on June 24, 2002. Chicago Title relied on its newly coined argument that its defense liability was limited by the policy's $100,000 indemnity cap. In response, Kent School filed a counterclaim seeking reimbursement for the attorneys' fees it was forced to incur in defending Chicago Title's action.

Chicago Title moved for summary judgment on the grounds that previously incurred defense costs had exhausted the policy's indemnity cap. Kent School then moved for summary judgment on the grounds that the policy's liability obligation and defense obligation were independent duties and Chicago Title was therefore under an ongoing duty to defend it in the Schaghticoke litigation.

On March 17, 2005, this Court granted Kent School's motion for summary judgment and denied Chicago Title's motion for summary judgment. This Court ruled that, pursuant to the terms of the policy, Chicago Title's duty to defend Kent School was a "distinct obligation" to its duty to indemnify, and that only the latter was limited in amount by the policy cap. (Ruling on Cross-Motions for Summary Judgment, p. 8). Accordingly, this Court held that Chicago Title has a "continuing duty" to defend Kent School in the Schaghticoke litigation. (Id. at p. 11).

Following this Court's award of summary judgment to Kent School, the only remaining issue is Kent School's counterclaim for the attorneys' fees expended in repelling Chicago Title's attack on its policy rights.

## III. ARGUMENT

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Utica College of Syracuse Univ., 453 F.3d 112, 116 (2d Cir. 2006). The moving

party bears the burden of establishing the absence of any genuine issues of material fact. Celotex, 477 U.S. at 323.

In this case, the only remaining issue is Kent School's counterclaim for the attorneys' fees and costs that it incurred in defending Chicago Title's declaratory judgment action. There are no material facts in dispute. See Stipulation of Undisputed Facts, dated October 27, 2006. The award of attorneys' fees to a policyholder following the successful defense of a carrier's declaratory judgment action is a question of law. See, e.g., General Ins. Co. of Am. v. City of N.Y., No. 04 Civ. 8946 (JCF), 2005 U.S. Dist. LEXIS 35864, at *22-23 (S.D.N.Y. Dec. 23, 2005) (Francis, J.) (Attached at Ex. F); Aetna Life & Cas. Co. v. Gentile, No. 0122259, 1995 Conn. Super. LEXIS 3444, at *17 (Dec. 12, 1995) (Sullivan, J.) (Attached at Ex. G).

### A. A Policyholder Is Entitled to Attorneys' Fees Incurred in Defending a Declaratory Judgment Action Brought by an Insurance Carrier.

Pursuant to the law of the State of Connecticut and the Second Circuit, an insured is entitled to recover attorneys' fees incurred in defending a failed declaratory judgment action brought by a carrier in an effort to avoid its duty to defend. See, e.g., Gentile, 1995 Conn. Super. LEXIS 3444, at *17 (holding that "the defendant insured is entitled to be reimbursed by the insurer for the insured's reasonable attorney's fees and costs in defending the underlying action . . . and . . . in defending against this declaratory judgment action"); U.S. Underwriters Ins. Co. v. City Club Hotel, LLC, 3 N.Y.3d 592, 598 (2004) (holding that "an insured who prevails in an action brought by an insurance company seeking a declaratory judgment that it has no duty to defend or indemnify the insured may recover attorneys' fees regardless of

whether the insurer provided a defense to the insured" in response to a question certified by the Second Circuit); U.S. Underwriters Ins. Co. v. City Club Hotel, LLC, 369 F.3d 102, 113 (2d Cir. 2004) (certifying issue to the New York Court of Appeals).

As this Court noted in granting Kent School's motion for summary judgment, "the issue in this case concerns the duty to defend." (Ruling on Cross-Motions for Summary Judgment, p. 10). Chicago Title sought to elude that duty. Consequently, Kent School should be awarded the attorneys' fees and expenses it incurred in protecting its right to a defense.

### 1. The award of attorneys' fees is consistent with the law of the Second Circuit

Recently, the Second Circuit certified to the New York Court of Appeals the very question in issue here: "Whether, in a case in which an insurance company has brought a declaratory judgment action to determine that it does not have obligations under the policy but has defended in the underlying suit, a defendant prevailing in the declaratory judgment action should be awarded attorneys' fees expended in defending against that action?" City Club, 3 N.Y.3d at 597. The New York Court of Appeals responded with an emphatic YES. The court held that "an insured who prevails in an action brought by an insurance company seeking a declaratory judgment that it has no duty to defend or indemnify the insured may recover attorneys' fees regardless of whether the insurer provided a defense to the insured." Id. at 598.

In City Club, as here, the carrier defended the underlying case, but sued its policyholder seeking a declaratory judgment that would cut off its duty to defend. The City Club policyholder, the lessor of a property, purchased a commercial general liability policy in connection with renovation work being done on the property. Id. at 596. A construction

worker employed by the lessor fell from a scaffold and sustained serious injuries, giving rise to the underlying suit. The carrier immediately disclaimed coverage on the basis of the policy's "employee exclusion clause," but nonetheless provided a defense in the underlying action. Two years later, the carrier brought a declaratory judgment action seeking a determination that it had no duty to defend or indemnify the policyholder in the underlying action. The parties filed cross motions for summary judgment, and the District Court for the Southern District of New York awarded summary judgment to the policyholder on the grounds that the denial of coverage was untimely. Id. Noting a split in authority, the district court declined to award the policyholder its attorneys' fees because there was no evidence that the carrier had breached its duty to defend. U.S. Underwriters Ins. Co. v. City Club Hotel, LLC, No. 03-7533(L), 2003 U.S. Dist. LEXIS 7266, at *21-26 (S.D.N.Y. Apr. 30, 2003) (Attached at Ex. H). On appeal, the Second Circuit affirmed the award of summary judgment to the policyholder on the issue of coverage, but certified the question of attorneys' fees to the New York Court of Appeals. U.S. Underwriters Ins. Co. v. City Club Hotel, LLC, 369 F.3d 102, 113 (2d Cir. 2004).

In its response to the Second Circuit, the New York Court of Appeals held that an insured who is "'cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations,' and who prevails on the merits, may recover attorneys' fees incurred in defending against the insurer's action" irrespective of whether the carrier provided a defense in the underlying action. City Club, 3 N.Y.3d at 597 (quoting Mighty Midgets, Inc. v. Centennial Ins. Co., 47 N.Y.2d 12, 21 (1979)). The Court of Appeals further held that the contractual duty to defend applies to the underlying claim and to the carrier's

unsuccessful declaratory judgment action. City Club, 3 N.Y.3d at 597-98 (holding that "an insurer's duty to defend a [policyholder] extends to the defense of any action arising out of the occurrence, including a defense against an insurer's declaratory judgment action") (emphasis added). The Court of Appeals concluded that the policyholder should be awarded its attorneys' fees because the costs incurred in defending the declaratory judgment action were a "direct consequence" of the carrier's attempt to free itself of its duty to defend. City Club, 3 N.Y.3d at 598 ("In other words, [the policyholder's] recovery of attorneys' fees is incidental to the insurer's contractual duty to defend.").[2]

The Second Circuit has endorsed this response. See, e.g., U.S. Underwriters Ins. Co. v. City Club Hotel, LLC, 395 F.3d 24, 24-25 (2d Cir. 2005) (vacating district court decision not to award attorneys' fees and remanding for application of the New York Court of Appeals' holding that a policyholder is entitled to recover attorneys' fees regardless of whether the carrier provided a defense in the underlying action); Liberty Surplus Ins. Corp. v. Segal Co., 420 F.3d 65, 68 (2d Cir. 2005). In Liberty Surplus, a second-layer, excess carrier

---

2 The views of the New York Court of Appeals have been afforded due respect by the Connecticut Supreme Court. A recent example involving policyholder rights as to the duty to defend is illustrative. See Hartford Cas. Ins. Co. v. Litchfield Mut. Fire Ins. Co., 274 Conn. 457, 467 (2005). There, the Connecticut Supreme Court adopted the reasoning of the New York Court of Appeals and expanded the rights of policyholders under the duty to defend:

> We agree with the New York Court of Appeals that we should not employ a 'wooden application of the 'four corners of the complaint' rule [that] would render the duty to defend narrower than the duty to indemnify' and that 'the sounder approach is to require the insurer to provide a defense when it has actual knowledge of facts establishing a reasonable possibility of coverage.'

Id. (quoting Fitzpatrick v. Am. Honda Motor Co., 78 N.Y.2d 61, 67 (1991)) (bracket in original).

unsuccessfully sought a declaratory judgment that it had no indemnity coverage duty to a policyholder in an underlying dispute. 420 F.3d at 67. The Second Circuit declined to extend the award of attorneys' fees to circumstances involving the duty to indemnify. In doing so, however, the Liberty Surplus Court reiterated the principle as it applies to the duty to defend: "[A]n insured who prevails in an action brought by an insurance company seeking a declaratory judgment that it has no duty to defend or indemnify the insured may recover attorneys' fees regardless of whether the insurer provided a defense to the insured." Id. (quoting City Club, 3 N.Y.3d at 598).

**2. The award of attorneys' fees is consistent with Connecticut law**

Along with the Second Circuit and the New York Court of Appeals, every Connecticut court that has addressed the issue has ruled that the policyholder is entitled to attorney's fees. See, e.g., Gentile, 1995 Conn. Super. LEXIS 3444, at *16-17 (holding that "it is appropriate that the insurer furnish to the insured a defense or reimburse to the insured the cost of defense of this declaratory judgment action which it thrust upon the insured"); First Am. Title Ins. Co. v. Jaworoski, 3 Conn. Super. Ct. Rep. 207 (Jan. 15, 1988) (Cioffi, J.) (Attached at Ex. I) (holding that "when an insured wrongfully defends a declaratory judgment action regarding the issue of coverage, the insured is entitled to reasonable attorneys' fees"); City of West Haven v. Liberty Mut. Ins. Co., 639 F. Supp. 1012, 1020 (D. Conn. 1986) (holding that "[u]nder Connecticut law, damages for breach of duty to defend in an insurance contract are the sum of any settlement or judgment, plus counsel fees in both the underlying action and the action for failure to defend, plus interest"); see also Spaziani v. Harleysville Worcester Ins.

Co., No. CV044000309S, 2005 Conn. Super. LEXIS 2999, at *3 (Oct. 31, 2005) (Pickard, J.) (Attached at Ex. J) (holding that "the insurer is liable for reasonable legal fees and costs expended by the plaintiff in an effort to recover defense costs that should have been incurred by the insurer in the first instance under a contractual duty to defend"); General Plasma, Inc. v. Reliance Ins. Co., No. CV 970575899S, 2000 Conn. Super. LEXIS 68, at *15-16 (Jan. 11, 2000) (Peck, J.) (Attached at Ex. K) (awarding attorneys' fees and finding "no reason to limit an insured's right to recover attorneys' fees in a subsequent action for failure to defend merely to those where the insurer instituted the action").

In Gentile, the Superior Court awarded a policyholder his attorneys' fees following a failed declaratory judgment action brought by a carrier. 1995 Conn. Super. LEXIS 3444, at *17. There, as here, the carrier brought a declaratory judgment action seeking a ruling that it had no further duty to defend or indemnify its policyholder in an underlying suit on the grounds that it had tendered the policy's indemnity cap. Id. at *4-5. The policy provided "Garage Keepers Coverage" to an auto body shop where a number of customers' vehicles were damaged in a fire. Id. at *1. The carrier, in an effort to settle the claims, paid the policy's $50,000 indemnity limit through two checks. Id. at *4. Ruling on cross motions for summary judgment, the court found that the carrier had a duty to defend the policyholder in an underlying suit concerning damages to a customer's truck. Id. at *9-13. Moreover, the court awarded the policyholder the attorneys' fees it incurred in defending both the underlying action and the declaratory judgment action. Id. at *17.

In support of the award of attorneys' fees, the Gentile court presaged the reasoning of City Club that the contractual duty to defend extends not only to the underlying action but also

to the failed declaratory judgment action. The Gentile court noted that a failed declaratory judgment action, despite being "apparently well meaning," is "legally unnecessary, is brought for the convenience of the insurer plaintiff, and thrusts upon the insured defendant the unnecessary expense of having to defend against this action so as to preserve his right to be furnished a defense of the underlying action, a right to which he is entitled under the specific provisions of the policy." Id. at *15-16. As such, the court held that the defense of the declaratory judgment action was "a part and parcel" of the policyholder's "continuing right to be furnished a defense to the underlying action." Id. at *16. To force the policyholder to bear the costs of defending the declaratory judgment action, the court concluded, would impose, "as a condition precedent, the expenditure of extraordinary funds to preserve his right to an eventual claim for that contractual benefit." Id.

Similarly, in Jaworoski, the Superior Court denied a carrier's motion to strike its policyholder's counterclaim for the attorneys' fees incurred in the defense of a declaratory judgment action concerning the carrier's duty to defend. 3 Conn. Super. Ct. Rep. at 208. The court held that, "when an insured wrongfully defends a declaratory judgment action regarding the issue of coverage, the insured is entitled to reasonable attorneys' fees." Id. In Jaworoski, the carrier brought a declaratory judgment action seeking a determination that it had no duty to defend the policyholder in an underlying action concerning an insured property. The carrier argued that the policyholder was aware of a possible defect in title when he purchased the title insurance policy, and thereby violated a policy provision. Id. at 207-08. The policyholder brought a counterclaim for its attorneys' fees in the declaratory judgment proceeding. Id. at 208.

In denying the carrier's motion to strike the counterclaim for attorneys' fees, the Jaworoski court rejected the rule of some jurisdictions that a policyholder may only recover attorneys' fees when the carrier "has acted in bad faith or fraudulently or was stubbornly litigious." Id. In so doing, the court reasoned that a carrier's motive is irrelevant to the impact an unsuccessful declaratory judgment action has on a policyholder:

> [T]he insured has a contract right to have actions against him defended by the insurer, at its expense. If the insurer can force him into a declaratory judgment proceeding and, even though it loses in such action, compel him to bear the expense of such litigation, the insured is actually no better off than if he had never had the contract right mentioned above.

Id. at 208 (quoting Appleman, Insurance Law & Practice, § 4691 (1979)). Consequently, the court declined to require any showing that the declaratory judgment action had been brought in bad faith. Id. Instead, the court held that a policyholder is entitled to attorneys' fees whenever its carrier brings a declaratory judgment action in an unsuccessful attempt to avoid its duty to defend. Id.

Just as New York's highest court recognized a policyholder's right to attorneys' fees arising from the successful defense of a carrier's declaratory judgment action, so has this right been endorsed by the highest court of Connecticut's other neighbor, Massachusetts. See Hanover Ins. Co. v. Golden, 436 Mass. 584, 588 (2002). In Golden, the Massachusetts Supreme Judicial Court held that a policyholder is entitled to recover attorneys' fees incurred in defending a declaratory judgment action in the face of facts virtually indistinguishable from this matter. Id. The Golden court held that the policyholder was entitled to recover attorneys' fees incurred in successfully establishing the carrier's duty to defend under the policy

irrespective of whether the carrier at all times provided a defense in the underlying matter. Id. at 587-88.

In Golden, as here, the carrier sought to free itself of its duty to defend its policyholder by purporting to offer to pay the policy's indemnity limit. Id. at 585. When the policyholder rejected that offer, the carrier bought a declaratory judgment action seeking a ruling that its duty to defend would terminate on payment of the policy limits. The carrier had continuously provided a defense in the underlying action for approximately two years prior to bringing and at all times during the declaratory judgment action. Id. The policyholder filed a counterclaim seeking its attorneys' fees, and the parties brought cross motions for summary judgment. Holding that the carrier had a continuing duty to defend its policyholder in the underlying matter, the trial court granted the policyholder's motion for summary judgment on the carrier's complaint and denied the carrier's motion for summary judgment on the policyholder's counterclaim. Golden, 436 Mass. at 585. After a bench trial concerning the policyholder's counterclaim for its attorneys' fees, the trial court ruled that the policyholder was not entitled to attorneys' fees because the carrier had not breached the terms of the policy by providing a defense while bringing the declaratory judgment action. Id. at 586. The Supreme Judicial Court reversed that decision, and remanded the matter for a determination of the reasonable fees and costs incurred by the policyholder in defending the declaratory judgment action. Id. at 588-89.

The Golden court awarded the policyholder its attorneys' fees despite the fact that the carrier provided a defense in the underlying matter. Id. Observing that the purpose of an insurance policy is to transfer the costs of defending any claim which may fall within the

scope of the policy, the court held that "[i]n this respect, liability insurance is 'litigation insurance' as well." Id. at 587 (internal quotations omitted). Therefore, the court held, whether an insurer actually breached its duty to defend or merely sought a declaratory judgment to curtail that duty is immaterial, "because to impose upon the insured the cost of compelling his insurer to honor its contractual obligation is effectively to deny him the benefit of his bargain." Id. (internal quotations omitted). If the policyholder did not defend against the declaratory judgment action, the court reasoned, default would enter and the policyholder would be forced to assume the defense of the underlying matter. Id. at 588. Alternatively, if the policyholder successfully defended the declaratory judgment action, the victory would relieve the policyholder of the defense costs of the underlying case, but would substitute the burden of the defense costs of the declaratory judgment action. Id.

As a result, the Golden court concluded that the policyholder should be awarded the attorneys' fees it incurred in vindicating its right to a continuing defense irrespective of whether the carrier actually breached its duty to defend or brought the declaratory judgment action in good faith:

> The entitlement of an insured to attorneys' fees and costs in establishing contested coverage depends exclusively on whether that coverage is ultimately determined to exist. It does not depend on whether the denial of coverage by the insurer was reasonable or unreasonable, justified or unjustified, a close question of fact or a matter not even subject to legitimate dispute. The focus is exclusively on the bottom line.

Id. at 587 (quotations omitted). A contrary holding would force the policyholder to bear the very costs his policy is intended to defray. Id.

**3. The award of attorneys' fees is in harmony with the broad view of a carrier's duty to defend endorsed by the Second Circuit and Connecticut courts**

In considering the importance of the carrier's duty to defend, this Court has endorsed a broad construction of that obligation. The West Haven court held that "[u]nder Connecticut law, damages for breach of duty to defend in an insurance contract are the sum of any settlement or judgment, plus counsel fees in both the underlying action and the action for failure to defend, plus interest." City of West Haven, 639 F. Supp. at 1020 (citing Missionaries of the Co. of Mary, Inc. v. Aetna Cas. & Sur. Co., 155 Conn. 104, (1967); Schurgast v. Schumann, 156 Conn. 471, (1968)). This logic underscores the great significance which the Connecticut Courts have placed on the carrier's obligation to furnish a defense for its policyholder. See Missionaries of the Co. of Mary, Inc. v. Aetna Cas. & Sur. Co., 155 Conn. 104, 110 (1967) ("The duty to defend has a broader aspect than the duty to indemnify and does not depend upon whether injured party will prevail against the insured."). That significance follows a clear path from Missionaries to today. E.g., Hartford Cas. Ins. Co. v. Litchfield Mut. Fire Ins. Co., 274 Conn. 457, 467 (2005) (expanding the duty to defend to include, not only the allegations of the complaint, but also the "actual knowledge of the insurer"); R.T. Vanderbilt Co. v. Cont'l Cas. Co., 273 Conn. 448, 470-71 (2005) (expanding the duty to defend to include administrative actions); Imperial Cas. & Indem. Co. v. State, 246 Conn. 313, 323-31 (1998) (expanding the duty to defend to include, not only negligence, but

also alleged intentional conduct based on the circumstances and the purpose of the policy).[3] The essence of that defense right would be greatly diminished if the carrier could force its policyholder to bear the expense of defending a declaratory judgment in order to secure it.

### B. Kent School Is Entitled to an Award of Attorneys' Fees Reasonably Incurred in Successfully Defending This Action.

Having dismissed Chicago Title's declaratory judgment action and ruled that Kent School has a continuing right to a defense in the Schaghticoke litigation, this Court should award Kent School the attorneys' fees it incurred in defending this declaratory judgment

---

3 Indeed, the Connecticut trial courts appear to be moving to a much broader endorsement of the policyholder's right to recover attorneys' fees incurred in disputes with their carriers. Two recent Superior Court decisions have interpreted a carrier's duty to defend even more broadly than the decisions cited above, by awarding attorneys' fees to an insured following a declaratory judgment action brought by the policyholder to establish its right to a defense. See General Plasma, Inc, 2000 Conn. Super. LEXIS 68; Spaziani, 2005 Conn. Super. LEXIS 2999.

The General Plasma court saw "no reason to limit an insured's right to recover attorneys fees in a subsequent action for failure to defend merely to those where the insurer instituted the action." Id. at *15-16. The court found it immaterial whether the carrier had "attempted to foreclose [the policyholder's] contractual right to a defense by instituting a declaratory action, or by merely refusing to defend and then waiting for [the policyholder] to institute the action." Id. at *16. The policyholder, the court reasoned, "remains in the same position of expending extraordinary funds to preserve its right to a contractual benefit." Id. Therefore, the court held that "reason dictates that the defendant should reimburse the plaintiff for the full amount of the obligation reasonably incurred by it." Id. at *16-17 (holding that expenses incurred in a subsequent action to enforce the underlying obligation are considered "reasonably incurred") (quoting Missionaries of the Co. of Mary, Inc, 155 Conn. at 114 (1967)).

Relying on General Plasma, the Spaziani court held that "the insurer is liable for reasonable legal fees and costs expended by the plaintiff in an effort to recover defense costs that should have been incurred by the insurer in the first instance under a contractual duty to defend." 2005 Conn. Super. LEXIS 2999 at *3.

(continued...)

action. In vindicating its continuing right to a defense, Kent School was cast in a defensive position precisely as that contemplated by the courts in Gentile, City Club, and Golden. Accordingly, this declaratory judgment action falls within the scope of Chicago Title's contractual duty to defend Kent School. A contrary holding would deny Kent School the benefit of its bargain, and subject it to the very costs from which it just successfully defended its right to be free.

Chicago Title has a contractual duty to pay the attorneys' fees incurred by Kent School in defense of this matter. A carrier's "duty to defend an insured extends to the defense of any action arising out of the [underlying] occurrence, including a defense against an insurer's declaratory judgment action." 3 N.Y.3d at 597-98 (emphasis added). Indeed, Kent School's policy explicitly states that Chicago Title "will, at its own cost, defend the insured in all actions or proceedings founded on a claim of title or incumbrances not excepted in this policy." (Policy of Title Insurance (emphasis added)). This declaratory judgment action is a direct consequence of the Schaghticoke litigation, and therefore falls within Kent School's continuing right to a defense.[4] Because the Schaghticoke litigation is founded on a claim of title within the scope of the policy, so too is Chicago Title's declaratory judgment action

(...continued)

There is no need for this Court to adopt the holdings of General Plasma and Spaziani, however, because Kent School's claim rests on the well-established principles of Gentile and City Club, where the policyholder was forced to defend the carrier's declaratory judgment action.

4 As this Court held in granting Kent School summary judgment, "the policy places Chicago Title under a continuing duty to defend Kent School in all actions founded on a claim of title not excepted to in the policy; the Schaghticoke suit against Kent School is such a claim; [and] Chicago Title has a duty to defend Kent School in that suit." (Ruling on Cross-Motions for Summary Judgment, p. 11).

attempting to cut off its duty to defend Kent School. See Gentile, 1995 Conn. Super. LEXIS 3444, at *16 (holding that "the right to be furnished a defense to this [declaratory judgment] action is a part and parcel of the continuing right to be furnished a defense to the underlying action"); City Club, 3 N.Y. 3d at 598 (holding that the attorneys' fees incurred by the policyholder in defending a declaratory judgment action are "incidental to the insurer's contractual duty to defend"). Accordingly, the costs incurred by Kent School in defense of this declaratory judgment action, like costs incurred defending the underlying claim from which it arose, fall within Chicago Title's continuing duty to defend Kent School.

A contrary holding would subject Kent School to the very costs from which it just established its right to be free. While bringing this declaratory judgment action was unnecessary, the costs incurred by Kent School in defending against it were at no time optional. See Gentile, 1995 Conn. Super LEXIS 3444, at *15-16 (holding that, even when "apparently well meaning," a failed declaratory judgment action was "legally unnecessary"). The alternative to defending this action would be to allow a default judgment to enter, thereby foregoing the right to a continuing defense in the Schaghticoke litigation. Chicago Title forced Kent School to incur its attorneys' fees in order to protect its contractual right to a defense in the Schaghticoke litigation. For Kent School to bear the costs of protecting that right would "condition the insured's continuing right to a defense by imposing upon the insured, as a condition precedent, the expenditure of extraordinary funds to preserve [its] right to an eventual claim for that contractual benefit." Id. at *16. Accordingly, Kent School should be awarded attorneys' fees to preserve the contractual benefit that this Court recognized.

Moreover, attorneys' fees are the very costs the policyholder's right to a defense is meant to shift from the policyholder to the carrier. See City of West Haven, 639 F. Supp. at 1020 ("One of the basic purposes of the defense provision is protection of the insured from the expenses of litigation."). Indeed, the very reason Kent School obtained Title Insurance was "to avoid the prospect of being burdened by significant legal expenses." Golden, 436 Mass. at 587 (quotations omitted). Should Kent School not be awarded its attorneys' fees, the very costs for which it just defended its right to reimbursement would be merely substituted by the costs of establishing that right.

Furthermore, it is immaterial that Chicago Title defended Kent School in the Schaghticoke litigation while seeking a declaratory judgment to cut off that duty to defend. As this Court noted, the policy places Chicago Title under a "continuing duty" to defend Kent School. (Ruling on Cross-Motions for Summary Judgment, p. 11). By seeking a declaratory judgment, Chicago Title forced Kent School to expend fees and costs in order to preserve its future right to a defense in the pending Schaghticoke litigation. In order to preserve that right, however, Kent School was forced to incur the costs of this action. To that end, the Gentile court held that "[t]he insurer cannot condition the insured's continuing right to a defense by imposing upon the insured, as a condition precedent, the expenditure of extraordinary funds to preserve his right to an eventual claim for that contractual benefit." 1995 Conn. Super. LEXIS 3444, at *16 (emphasis added). Accordingly, the City Club court held that "the insured may recover attorneys' fees regardless of whether the insurer provided a defense to the insured." 3 N.Y.3d at 598 (emphasis added). Therefore, Kent School is entitled to recover its attorneys'

fees and expenses despite the fact that Chicago Title defended Kent School while seeking to elude that duty in the future.

Put more broadly, there is no requirement that Chicago Title acted in bad-faith[5] or breached its duty to defend Kent School before bringing this declaratory judgment action. Whether Chicago Title reasonably believed it suddenly no longer had a duty to defend Kent School or not, that position was incorrect and Kent School is entitled to a continuing defense. Even when "apparently well meaning," a failed declaratory judgment action is "legally unnecessary [and] is brought for the convenience of the insurer plaintiff, and thrusts upon the insured defendant the unnecessary expense of having to defend against this action so as to preserve his right to be furnished a defense of the underlying action, a right to which he is entitled under the specific provisions of the policy." Gentile, 1995 Conn. Super. LEXIS 3444, at *15-16; see also Jaworoski, 3 Conn. Super. Ct. Rep. at 208 ("[The insurer] guessed wrong as to its duty, and should be compelled to bear the consequences thereof.") (quoting Appleman, Insurance Law & Practice § 4691 (1979)). Consequently, this Court's ruling that Chicago Title must continue to defend Kent School in the Schaghticoke litigation entitles Kent School to its attorneys' fees incurred in defending that right.

---

5 Nevertheless, there is a basis for concern in that regard. The history of this case demonstrates that Chicago Title treated its policyholder in a somewhat cavalier fashion, at best. After more than twenty years of providing a defense and without any change in circumstances whatsoever, the carrier filed suit to cut off Kent School's defense coverage.

## IV. CONCLUSION

Because Chicago Title forced Kent School to defend its right to a defense in the underlying claim, Kent School is entitled to recover its reasonable attorneys' fees and costs as a matter of law. Accordingly, Kent School's partial motion for summary judgment as to liability should be granted.

DEFENDANT - THE KENT SCHOOL CORPORATION

By____________________________
Francis J. Brady – ct 04296

Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone: (860) 240-6000
Facsimile: (860) 240-6150
Email: fbrady@murthalaw.com
Its Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Defendant's Memorandum In Support Of Its Motion For Summary Judgment On Its Counterclaim For Attorneys' Fees was filed electronically and was mailed first class, postage prepaid this 27th day of October, 2006 to counsel of record noted below. Notice of this filing will be sent by e-mail to the noted counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Frank P. Coulom, Jr., Esq.
Marion Manzo, Esq.
Andrea Donovan Napp, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-34597

Lawrence Heffernan, Esq.
Robinson & Cole LLP
One Boston Place
Boston, Massachusetts 02108-4404

Francis J. Brady – ct 04296

913112