# EXHIBIT H

LEXSEE 2003 U.S. DIST. LEXIS 7266

**U.S. UNDERWRITERS INSURANCE COMPANY, Plaintiff, - against - CITY CLUB HOTEL, LLC, SHELBY REALTY LLC, FORTHRIGHT DEVELOPMENT, LLC, METROPOLITAN HOTELS, LLC, STEPHEN R. BRIGHENTI, JONATHAN P. ZAMBETTI, MAREK SZPAKOWSKI and AGNES SZPAKOWSKI, Defendants.**

**02 Civ. 7379(NRB)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

***2003 U.S. Dist. LEXIS 7266***

**April 30, 2003, Decided**
**April 30, 2003, Filed**

**SUBSEQUENT HISTORY:** Affirmed by, in part, Question certified by, in part *U.S. Underwriters Ins. Co. v. City Club Hotel, LLC, 369 F.3d 102, 2004 U.S. App. LEXIS 8078 (2d Cir. N.Y., 2004)*
Vacated by, in part, Remanded by *United States Underwriters Ins. Co. v. City Club Hotel, 2005 U.S. App. LEXIS 346 (2d Cir., Jan. 7, 2005)*

**DISPOSITION:** [*1] Plaintiff's motion for summary judgment denied, and defendants' motion for summary judgment granted. Defendants' request for attorneys fees denied.

**COUNSEL:** For Plaintiff: Steven Verveniotis, Esq., Miranda & Sokoloff, LLP, Mineola, NY.

For City Club Hotel, LLC, Shelby Realty, LLC, Forthright Development, LLC, Metropolitan Hotels, LLC, Stephen R. Brighenti and Jonathan Zambetti, Defendants: Mark Bunim, Esq., Bryan Cave, LLP, New York, NY.

For Marek and Agnes Szpakowski, Defendants: Gail Kelner, Esq., Kelner & Kelner, Esqs., New York, NY.

**JUDGES:** NAOMI REICE BUCHWALD, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** NAOMI REICE BUCHWALD

**OPINION:**

**MEMORANDUM AND ORDER**

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff U.S. Underwriters Insurance Company ("plaintiff" or "U.S. Underwriters") seeks a declaratory judgment disclaiming coverage of City Club Hotel LLC ("City Club") employee Marek Szpakowski. U.S. Underwriters alleges that, because of a specific policy exclusion, the insurance policy which it issued to City Club and Shelby Realty LLC ("Shelby Realty"), does not cover the claims asserted by Mr. Szpakowski and his wife in [*2] the personal injury action (the "Szpakowski action") which they have brought New York state court. n1 Presently before the court are the parties' cross-motions for summary judgment: U.S. Underwriters seeks a determination upholding its disclaimer of coverage with respect to the Szpakowskis, while the defendants seek to have plaintiff's complaint dismissed with prejudice on the grounds that plaintiff's disclaimer of coverage was untimely and because the alleged policy exclusion was inapplicable to the Szpakowskis. As part of their summary judgment motion, defendants also seek a declaration that plaintiff is obligated to defend and indemnify Shelby Realty with respect to the claims asserted against them in the Szpakowski action, as well as an award of attorneys fees, costs, and expenses in having to defend this declaratory judgment action. For the following reasons, plaintiff's motion for declaratory relief is is denied and defendants' motion is granted. However, defendants' request for fees associated with the defending of this declaratory judgment action is denied.

n1 The Szpakowskis' underlying personal injury action in New York state court was brought

against Shelby Realty, Forthright Development, LLC ("Forthright") and Metropolitan Hotels ("Metropolitan"). See Kelner Aff., Exh. A.

[*3]

**BACKGROUND**

On or about April 27, 2000 defendant Marek Szpakowski, an employee of City Club, sustained personal injuries as a result of falling from scaffolding at 55 West 44th Street, New York, New York. Defendant Shelby Realty was the owner and lessor of the premises where the accident occurred. City Club was the lessee of the premises. An action was subsequently commenced by Marek Szpakowski and his wife Agnes, against Shelby Realty in the Supreme Court of the State of New York, New York County. n2

n2 In addition to Shelby Realty, Forthright Development Company, LLC, and Metropolitan Hotels, LLC were named as defendants in the state court action. See Kelner Aff., Exh. A (Verified Complaint).

Both City Club and Shelby were named insureds under a general commercial liability policy issued by the plaintiff for the effective dates of May 15, 1999 to May 15, 2000. Among other exclusions, the policy contained a provision entitled "Exclusion of Injury to Employees, Contractors and Employees of Contractors" [*4] which was worded as follows:

> This insurance does not apply to:
>
> (1) bodily injury to any employee of any insured, to any contractor hired or retained by or for any insured or to any employee of such contractor, if such claim for bodily injury arises out of and in the course of his employment or retention of such contractor by or for any insured, for which any insured may become liable in any capacity.

See Kelner Aff., Exh. I (Endorsement # L-310). The policy also contained a "Separation of Insureds" provision which provided:

> Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:
>
> a. As if each Named Insured were the only Named Insured, and
>
> b. Separately to each insured against whom claim is made or "suit" is brought.

See Kelner Aff., Exh. I. (Article IV, Subsection 7).

By letter dated July 10, 2000, the law firm of Kelner & Kelner Esqs. ("Kelner & Kelner") notified Shelby Realty that it had been retained to represent Mr. and Mrs. Szpakowski with respect to the injuries sustained by Mr. Szpakowski on April 27, 2000. On [*5] July 13, 2000, a copy of this letter along with a General Liability Notice of Occurrence/Claim Form ("Claim Form") dated July 13, 2000 was sent by Kelner & Kelner to the plaintiff via facsimile. See Kelner Aff., Exh. E. By facsimile dated July 18, 2000, plaintiff confirmed that it had received notice of Mr. Szpakowski's claim, see Kelner Aff., Exh. E. However, plaintiff maintains that because the Claim Form identified the insured as City Club, rather than Shelby Realty, it was confused as to the particulars of Mr. Szpakowski's claim, and needed clarification on several issues including "who exactly [Mr.] Szpakowski was working for at the time of the accident ... whether City Club or Shelby were seeking coverage for its own employee ... [and] the specific theory on which [Mr.] Szpakowski was seeking recovery." See Pl's Mem. Supp. Summ. J. at 18. By later dated July 21, 2000, plaintiff retained J&N Investigation & Claim Service, Inc. ("J&N") to investigate the claim and determine among other things whether the claimant was an employee of one of its insureds. See Myrtetus Aff., Exh. E. On the same day, plaintiff also sent a letter to Kelner & Kelner asking the firm [*6] to specify the nature of the claim. See Myertetus Aff., Exh. F. While there was no direct response from Kelner & Kelner, plaintiff did receive a letter dated July 20, 2000 from Stephen Brighenti, the Manager of City Club, indicating that Mr. Szpakowski, "fell off scaffolding while under our employ [and] has filed a claim against our landlord [Shelby]." Kelner Aff., Exh. G. On or about August 9, 2000 J&N responded to plaintiff's investigation request by providing plaintiff with the following relevant information:

> The insured premises is ... owned [by] Shelby Realty ... City Club Hotel, LLC, leases the premises, which are currently under construction ... City Club Hotel, LLC and Shelby Realty are named insureds under Policy No. CL3034793, a Gen-

> eral Liability Commercial Policy provided by U.S. Liability Insurance ... On 4/27/00, Mark Szpakowski, an employee of City Club Hotel, LLC, fell from a scaffold during renovation work taking place at the premises ... [It] is the responsibility of City Club Hotel, LLC, to maintain the premises and ... it is the responsibility of City Club Hotel [to] perform[] all construction without the involvement of Shelby Realty, [*7] LLC.

Kelner Aff., Exh. H.

Finally, by letter dated December 20, 2000, one week after receiving the complaint in the Szpakowski action, plaintiff notified both City Club and Shelby Realty that it was disclaiming coverage. See Kelner Aff., Exh. J. The stated basis for the disclaimer was the "Employee Exclusion" contained within the endorsement to the insurance policy. Id. On September 13, 2002, plaintiff commenced this declaratory judgment action, seeking an order enforcing its disclaimer and declaring that plaintiff is not obligated to defend Shelby or any of the other named defendants.

**DISCUSSION**

**I. Summary Judgment Standard**

Summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(c)*. The Federal Rules of Civil Procedure mandate the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party [*8] will bear the burden of proof at trial." *Celotex Corp. v. Catrett, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986)*. In reviewing the record, we must assess "the evidence in the light most favorable to the party opposing the motion, and resolve ambiguities and draw reasonable inferences against the moving party." *In re Chateaugay Corp., 10 F.3d 944, 957 (2d Cir. 1993)*.

In order to defeat such a motion, the non-moving party must affirmatively set forth facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby Inc., 477 U.S. 242, 256, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986)*. An issue is "genuine ... if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id. at 248* (internal quotation marks omitted).

**II. Timeliness of the Disclaimer**

Defendants first argue that they are entitled to summary judgment on the grounds that plaintiff's disclaimer of coverage was untimely, thereby precluding plaintiff from disclaiming coverage as a matter of law. For the following reasons, we agree.

Pursuant to *New York Insurance Law § 3402(d)*, an insurer [*9] is required to provide a written disclaimer "as soon as possible." In order to discourage an insurance company from disclaiming coverage too quickly, the reasonableness of a delay in disclaiming coverage is measured from the time the insurer becomes aware of sufficient facts to disclaim. See *2540 Associates Inc. v. Assicurazioni Generali, 271 A.D.2d 282, 283-84, 707 N.Y. S.2d 59, 61 (1st Dept. 2000)* ("The moment from which the timeliness of an insurer's disclaimer is measured is the date on which it first receives information that would disqualify the claim, not on the date on which it receives the insured's notice of claim"). Indeed, New York courts require that reasonable time be given to the insurer to adequately investigate a claim in order to determine whether a disclaimer is appropriate. *Mount Vernon Fire Ins. Co. v. Harris, 193 F. Supp. 2d 674, 678 (E.D.N.Y. 2002)* ("The Court sees no point in discouraging insurers from conducting through investigations before disclaiming coverage, as long as they are not used as a dilatory tactic."); *U. S. Underwriters Ins. Co. v. Congregation B'nai Israel, 900 F. Supp. 641, 648 (E.D.N.Y. 1995)* [*10] ("New York courts have consistently held that an insurer must be given reasonable time to adequately investigate a claim in order to determine whether it wishes to disclaim coverage.").

In this case, however, we reject plaintiff's contention that it did not receive sufficient facts on which to base its disclaimer of coverage until it received a copy of the complaint in the underlying personal injury action on December 13, 2000. Indeed, as early as July 13, 2000, plaintiff received a copy of the Claim Form as well as a copy of the letter sent to Shelby Realty by the Szpakowskis' attorney, Gail Kelner, indicating that a claim had been asserted by Mr. Szpakowski against Shelby Realty. See Myrtetus Aff., Exh. C. Even assuming arguendo that plaintiff was reasonably confused as to which of its insureds (City Club or Shelby Realty) was seeking coverage, and, for which entity Mr. Szpakowski was working for at the time of his accident, n3 one week later, plaintiff received a letter from Stephen Brighenti, the Manager of City Club, clearly informing plaintiff that Mr. Szpakowski had asserted a claim against Shelby Realty as a result of the injuries he sustained while working for City Club. [*11] See Myrtetus Aff., Exh. D ("The claimant who fell off scaffolding while under our [City Club's] employ, has filed a claim against our land-

lord [Shelby Realty].") Furthermore, on August 9, 2000, plaintiff's investigation service, J&N, provided it with a report which again confirmed that Mr. Szpakowski was working as an employee of City Club at the time of his accident at a building owned by Shelby Realty, and that "City Club ... performed all construction without the involvement of Shelby Realty, LLC." Myrtetus Aff., Exh. G. While plaintiff claims that the investigative report was deficient in that "it did not include any information regarding any worker's compensation benefits issued to [Mr.] Szpakowski," see Pl.'s Mem. Supp. Summ. J. at 19, we fail to see how this information was at all relevant to plaintiff's ultimate decision to disclaim coverage as plaintiff has conceded that it did not "afford workers' compensation coverage for City Club or for Shelby." See Myrtetus Aff. P 17. Indeed, upon receipt of the J&N investigative report dated August 9, 2000, four months before receiving a copy of the complaint in the underlying personal injury action commenced by Mr. [*12] Szpakowski, plaintiff had sufficient information to disclaim coverage. n4 Thus, having waited until December 20, 2000 to ultimately disclaim coverage, we find plaintiff's delay unreasonable as a matter of law. n5

n3 Plaintiff maintains that because the claim form submitted on July 13 was addressed to City Club rather than Shelby Realty, it was confused as to which of its insureds was seeking coverage and for whom Mr. Szpakowski was employed despite the attached letter from Gail Kelner to Shelby Realty. See Pl's Mem at 18.

n4 We are, therefore, unpersuaded by plaintiff's argument that its delay in disclaiming coverage was due to Mr. Szpakowski's attorney's failure to respond to plaintiff's July 21, 2000 letter requesting further information. See Myrtetus Aff., Exh. F. To the extent that plaintiff claims it was unsure as to whether the claim against Shelby Realty was based on a "contractor role on the part of City Club pursuant to a construction agreement between Shelby and City Club", see Pl.'s Mem, in Oppn. to Pl.'s Mot. and in Supp. of Summ. J. at 4-5, we find it highly significant that plaintiff never specifically requested clarification on this issue from Shelby Realty and/or City Club. Indeed, if plaintiff were truly confused as to the relationship between City Club and Shelby at the time of Mr. Szpakowski's accident, we fail to understand why it would not immediately seek further information from the insured, rather than from Mr. Szpakowski's attorney, and why it would wait until it received a copy of the complaint in the underlying personal injury action for this information to be provided.

[*13]

n5 In addressing the issue of the timeliness of an insurance company's disclaimer, New York courts have typically held that an unexplained delay two months or more is unreasonable as a matter of law. See *U.S. Liability Ins. Co. v. 204 W. 78th St. Housing Corp., No. 01 Civ. 1033, 2002 U.S. Dist. LEXIS 210 at * 9 (S.D.N.Y. January 7, 2002)* (citing *Hartford Ins. Co. v. County of Nassau, 46 N.Y.2d 1028, 1029, 416 N.Y.S.2d 539, 541, 389 N.E.2d 1061 (1979)* and noting that "A delay of 60 days without explanation is unreasonable as a matter of law."); U.S. Underwriters Ins. Co. v. Held Bros. Inc., No. 97 Civ. 5407, 1998 U.S. Dist. LEXIS 9694 at *15 (S.D.N.Y. June 30, 1998) (holding that an "unexplained delay of over three months is unreasonable as a matter of law."). See also *New York University v. First Financial Ins. Co., No. 01-9455, 322 F.3d 750, 2003 U.S. App. LEXIS 4918, at *4 (2d Cir. March 18, 2003)* (certifying to the New York Court of Appeals the question of whether "an unexcused delay in notification of 48 days [by the insurer] is unreasonable as a matter of law under *[N.Y. Ins. Law] § 3402(d)*?") While plaintiff argues that this is "not a case of unexplained delay" and that the insurance company was actively investigating the claim, see Pl.'s Mem. Supp. of Mot. Summ. J. at 13, we find that by mid-August 2000, the insurer had sufficient facts upon which to disclaim and has not provided an adequate explanation for its additional 4 month delay.

[*14]

Finally, we reject plaintiff's argument that merely because the Claim Form identified City Club rather than Shelby Realty as the insured, plaintiff's duty to disclaim coverage with respect to Shelby Realty was never triggered. While plaintiff cites several recent Appellate Division cases for the proposition that every insured under a policy has an independent duty to notify the carrier of a claim in order to trigger coverage, see e.g. *Travelers Ins. Co. v. Volmar Constr. Co., 300 A.D.2d 40, 752 N.Y.S.2d 286, 289-90 (1st Dept. 2002)*; *Roofing Consultants, Inc. v. Scottsdale Ins. Co., 273 A.D.2d 933, 933, 709 N.Y.S.2d 782, 783 (4th Dept. 2000)*; *American Mfg. Mutual Ins. Co. v. CMA Enterprises Ltd., 246 A.D.2d 373, 667 N.Y.S.2d 724, 725 (1st Dept. 1998)*, we find these cases distinguishable from the instant matter. Indeed, the rule that "notice provided by one insured in accordance with

the policy terms will not be imputed to another insured", *Volmar Constr. Co., 752 N.Y.S.2d at 289-90*, has been applied in situations where the insurance carrier became aware of a claim against one of its primary insureds through notification [*15] by an "additional" insured on a policy, see *Roofing Consultants Inc., 273 A.D.2d at 933, 709 N.Y.S.2d at 783*, or, alternatively where the insurer became aware of a claim against an "additional" insured on a policy because of notification by one of its primary insureds, see *CMA Enterprises Ltd., 667 N.Y.S.2d at 725*; *Volmar Constr. Co., 752 N.Y.S.2d at 289-90*. In the instant case, however, both City Club and Shelby Realty were primary co-insureds and there is no indication that both entities were separately seeking coverage from the plaintiff. Moreover, along with the Claim Form, the insurance carrier received a letter from Mr. Szpakowski's attorney, Gail Kelner, to Shelby Realty asking it "to refer this letter immediately to your insurance carrier for its prompt consideration and further attention." Kelner Aff., Exh. E (emphasis in the original). Thus, under these circumstances we agree with defendants Shelby Realty and City Club that Ms. Kelner's letter was "incorporated by reference in the claim form and clearly indicated that a claim had been asserted by [Mr.] Szpakowski against Shelby." Def. Shelby Realty and City Club's Mem. [*16] in Supp. of Summ. J. and in Opp'n. to Pl.'s Summ. J. Mot.

**III. Coverage of Shelby Under the Policy**

Having already decided that plaintiff's disclaimer was untimely as a matter of law, we need not look any further in determining defendants' entitlement to summary judgment. However, for purposes of completeness, we turn to plaintiff's additional argument that it properly disclaimed coverage of Shelby Realty because of the provision in the policy precluding coverage for "bodily injury to any employee of any insured [or] to any contractor hired or retained by or for any insured or to any employee of such contractor ...." See Kelner Aff., Exh. I (Endorsement # L-310). For the following reasons, we are unpersuaded by plaintiff's argument.

**A. Employee Exclusion**

Plaintiff argues that since Mr. Szpakowski was employed directly by City Club (one of plaintiff's insureds) and because the insurance policy expressly excluded coverage of "bodily injury to any employee of any insured", Mr. Szpakowski's claim falls squarely within the policy exclusion. We agree with the defendants, however, that plaintiff's interpretation fails to account for the Separation of Insureds clause, [*17] also contained within the policy, which provides that the policy applies to each insured "as if each named insured were the only named insured, and separately to each insured against whom claim is made or 'suit' is brought." See Kelner Aff., Exh. I. (Article IV, Subsection 7).

Under New York law, an insurance policy, as with other contracts, must be interpreted to "give effect to the intent of the parties as expressed in the clear language of the contract." *Thomas v. NASL Corp., No. 99 Civ. 11901, 2000 U.S. Dist. LEXIS 16761* at * 25 (S.D.N.Y. Nov. 20, 2000). Moreover, an insurance policy must not "be construed so as to render its terms meaningless or of no effect." *Sirignano v. Chicago Ins. Co., 192 F. Supp.2d 199, 205 (S.D.N.Y. 2002)*. As the Second Circuit has explained, "An interpretation of a contract that has the effect of rendering at least one clause superfluous or meaningless ... is not preferred and will be avoided if possible. Rather, an interpretation that gives a reasonable and effective meaning to all terms of a contract is generally preferred to one that leaves a part unreasonable or of no effect." *Galli v. Metz, 973 F.2d 145, 149 (2d Cir. 1992)* [*18] (internal citations omitted).

In this case, we reject plaintiff's attempt to read the Employee Exclusion clause in a vacuum, as we find that doing so would render the Separation of Insureds clause "unreasonable or of no effect." Id. Indeed, we find that the "clear language" of the Separation of Insureds clause is intended to preclude consideration of Shelby Realty as an insured when determining if coverage is available to City Club, and likewise, to preclude consideration of City Club as an insured when determining if coverage is available to Shelby Realty. Accordingly, in this instance, we must ignore City Club's status as an insured in evaluating whether Shelby Realty is covered under the policy. We therefore find that the Employee Exclusion is not a bar to coverage merely because of Mr. Szpakowski's status as a City Club employee at the time of the accident. n6

n6 The Tenth Circuit, in evaluating the interplay between an Exclusion clause and a Separation of Insureds clause in the context of an automobile insurance case, came to this same conclusion. See *West American Ins. Co.v. AV&S, 145 F.3d 1224 (10th Cir. 1998)*. In that case, the defendant employee hit a pedestrian while delivering a pizza for the defendant franchisee. The insurer brought a declaratory judgment action seeking a determination that it was not obligated to defend or indemnify any insured arising from this accident even though the only insured involved in the actual accident was the defendant franchisee. Indeed, the insurer argued that it should not be required to defend or indemnify any of its insureds on claims arising from this accident because a policy exclusion excluded coverage for bodily in-

juries resulting from the ownership, maintenance, or use of an automobile by "any insured." However, the Tenth Circuit found that because the insurance policy also contained a Separation of Insureds clause, providing that the policy applies to each named insured as if they are the only named insured under the policy, "the term 'any insured' in an exclusion clause in a policy that also contains a severability clause does not exclude coverage for all insureds when only one insured is at fault." *Id. at 1229.*

[*19]

**B. Contractor Exclusion**

Next, plaintiff argues that regardless of the applicability of the Employee Exclusion clause to Mr. Szpakowski, it properly disclaimed coverage under the Contractor Exclusion clause contained within the policy. See Kelner Aff., Exh. I. (Endorsement # L-310) (excluding coverage for "bodily injury ... to any contractor hired or retained by or for any insured or to any employee of such contractor.") Indeed, plaintiff maintains that City Club, Shelby Realty's lessee, also functioned as Shelby Realty's contractor based on "a contract between City Club and Shelby which required, in addition to other terms, for [sic] City Club to perform construction work at the premises owned by Shelby for the benefit of Shelby." Pl.'s Mem. in Opp'n to Defs' Summ. J. Mot. and in Supp. of Pl.'s Summ. J. Mot. at 6. We disagree. While the lease between Shelby Realty and City Club provided that "as a material inducement to Landlord [Shelby Realty], ... tenant [City Club] warrants that it will convert the Premises to a hotel", and included a section devoted to City Club's construction obligations, see Verveniotis Decl., Exh. E., Lease at 2, we agree with defendants [*20] that the terms of this lease did not place City Club in the position of Shelby Realty's contractor. Indeed, we are persuaded both by the express language of the lease itself as well as the affidavit of Gary Krim, a partner of Eagle Realty Co. (which is a member of Shelby Realty), that "Shelby had no rights which an owner of building would typically have where a contractor is performing work for its benefit ... Shelby did not hire anyone for this [construction] projection nor [did] it pay[] anyone doing work on this project." Krim Aff., PP6-7. Most significantly, the lease between City Club and Shelby Realty pre-dated by three days the insurance contract which City Club and Shelby Realty entered into with the plaintiff specifically for the purpose of insuring the premises under construction. If City Club had been a contractor for Shelby Realty, it would have been entirely illogical for it to have entered into this insurance contract with the plaintiff at all, as it excludes coverage for bodily injury to "any contractor hired or retained by or for any insured or to any employee of such contractor." See Kelner Aff., Exh. I [Endorsement # L-310]. Thus, we find that plaintiff's [*21] interpretation of the relationship between City Club and Shelby Realty is contrary to the contemplation of the contracting parties. The New York Court of Appeals has held that to "negate coverage by virtue of an exclusion, an insurer must establish that the exclusion is stated in clear and unmistakable language, is subject to no other interpretation, and applies in the particular case." *Continental v. Rapid American Corp, 80 N.Y.2d 640, 652, 593 N.Y.S.2d 966, 609 N.E.2d 506 (1993)*(emphasis added). Plaintiff has not met this burden.

**IV. Costs and Attorneys Fees**

Having decided that plaintiff's motion for summary judgment is denied and defendants' motion for summary judgment is granted, we now turn to defendants' argument that they should be awarded costs and attorneys fees incurred in defending themselves in this declaratory judgment action. Under New York law, an exception to the general rule that litigation costs are not recoverable by a winning litigant has been created where an insured has been cast in a defensive posture by its insurer in a dispute over the insurer's duty to defend the insured. "In such an instance, the insurance policyholder may recover [*22] attorney's fees incurred in defending against the legal steps the insurer took to free itself from its insurance policy obligations." National Grange Mut. Ins. Co. v. Udar Corp., No. 98 Civ. 4650, 2002 U.S. Dist. LEXIS 3848 at *3 (S.D.N.Y. March 7, 2002). See also Employers Mut. v. *Cas. Co. v. Key Pharmaceuticals, 75 F.3d 815, 824 (1996)*; *Mighty Midgets, Inc. v. Centennial Ins. Co., 47 N.Y.2d 12, 21, 416 N.Y.S.2d 559, 564, 389 N.E.2d 1080 (1979).*

Plaintiff, however, argues that this exception does not apply here as it is limited to the situation where the insurer breaches its duty to defend the insured in an underlying action brought against the insured. There are a number of cases which support plaintiff's position. See e.g., *Mount Vernon Fire Ins. Co. v. Congregation Kehilath Yakov, Inc., No. 95 Civ. 7973, 1999 U.S. Dist. LEXIS 18231 (S.D.N.Y. Nov. 29, 1999)*("Fee shifting is inapplicable where the insurer does not breach its duty to defend."); *Nationwide Mut. Ins. Co. v. Welch, 988 F. Supp. 629, 630 (S.D.N.Y. 1997)*([The insured] has no right to recover the attorney's fees incurred from the defense of this declaratory [*23] judgment action since [the insurer] never abandoned its duty to defend in the underlying state court action"); *Safeguard Ins. Co. v. Angel Guardian Home, 946 F. Supp. 221, 233 (E.D.N.Y. 1996)*("Because there was no breach of the insurance contract in this action, attorney fees incurred in this declaratory action will not be awarded."); *Great Northern Ins. Co. v. Dayco Corp., 637 F. Supp. 765, 787 (S.D.N.Y.*

*1986)*("In New York, the right to recovery attorney's fees incurred in defending a declaratory judgment action brought by the insurer is limited to situations where the insurer has breached its duty to defend.").

Other cases, however, take a contrary approach, awarding of attorneys fees to the insured in a declaratory judgment action brought by the insurer regardless of the whether the insurer has breached its underlying duty to defend. See Udar Corp., 2002 U.S. Dist. LEXIS 3848 at *6, n.1 ("An insured is entitled to recover its attorney's fees from its insurer ... when it defend[s] against [a] declaratory judgment action ... To the extent that [the insurer] contends that an insurer's liability for attorney's fees incurred by its insured, [*24] when the insured is placed in a defensive posture by the insurer, turns on whether the insurer provided a defense for the insured in the underlying litigation, [the insured] is wrong."); *U.S. Fidelity and Guaranty Co. v. Susquehanna and Western Railway Corp., 277 A.D.2d 1026, 1026, 716 N.Y.S.2d 181, 182 (4th Dept. 2000)*("By commencing this [declaratory judgment] action, plaintiff [insurer] has cast defendant [insured] in a defensive posture by the legal steps plaintiff has taken in an effort to free itself from its policy obligations and thus defendant is entitled to recover from the plaintiff the attorney's fees and costs incurred in defending this action. The fact that plaintiff initially paid the cost of defendant's defense in the underlying action is of no moment.") (internal citations omitted).

Without clear guidance from the New York Court of Appeals, "it is our duty ... to apply our belief as to how the New York Court of Appeals would rule if this issue were before it." *Jacobson v. Fireman's Fund Ins. Co., 111 F.3d 261, 267 (2d Cir. 1997)*. Indeed, "where the substantive law of the forum state is uncertain or ambiguous, the job of the [*25] federal courts is carefully to predict how the highest court of the forum state would resolve the uncertainty or ambiguity." *Travelers Ins. Co. v. 633 Third Assocs., 14 F.3d 114, 119 (2d Cir. 1994)*. Having engaged in this analysis, we find that we agree with Judge Cote's reasoning in *Nationwide Mut. Ins. Co. v. Welch 988 F. Supp. 629, 630 (S.D.N.Y. 1997)* that "given the strong policy reasons against adopting a rule of law that would reduce the incentives for insurance companies to defend in the underlying tort actions and that would likely shift the burden of obtaining a declaratory judgment from the insurance company to the insured, I believe that ... the New York Court of Appeals would follow the rule described in *Safeguard* and *Great Northern* [limiting fee shifting only where the insurance company has breached its duty to defend the insured]." As the parties have not submitted any evidence indicating that the plaintiff has breached its duty to defend Shelby Realty in the underlying personal injury action brought by Mr. Szpakowski, we decline to award defendants attorneys fees incurred in this declaratory judgment action.

**CONCLUSION**

For the [*26] reasons stated above, plaintiff's motion for summary judgment is denied and defendants' motion for summary judgment is granted. Defendants' request for attorneys fees incurred in defending this declaratory judgment action is denied. The Clerk of the Court is respectfully directed to close this case.

**IT IS SO ORDERED.**

DATED: New York, New York

April 30, 2003

NAOMI REICE BUCHWALD

UNITED STATES DISTRICT JUDGE