# EXHIBIT J

LEXSEE 2005 CONN SUPER LEXIS 2999

**John J. Spaziani, Jr. dba P-J's Auto Service, Inc. v. Harleysville Worcester Ins. Co.**

**CV044000309S**

**SUPERIOR COURT OF CONNECTICUT, JUDICIAL DISTRICT OF LITCHFIELD, AT LITCHFIELD**

***2005 Conn. Super. LEXIS 2999***

**October 31, 2005, Decided**
**October 31, 2005, Filed**

**NOTICE:** [*1] THIS DECISION IS UNREPORTED AND MAY BE SUBJECT TO FURTHER APPELLATE REVIEW. COUNSEL IS CAUTIONED TO MAKE AN INDEPENDENT DETERMINATION OF THE STATUS OF THIS CASE.

**JUDGES:** John W. Pickard, J.

**OPINION BY:** John W. Pickard

**OPINION:**

*MEMORANDUM OF DECISION RE MOTION FOR JUDGMENT # 117.00*

I. Facts

The plaintiff, John J. Spaziani, Jr., d/b/a P-J's Auto Service, Inc., commenced the present action against the defendant, Harleysville Worcester Insurance Company, alleging that the defendant breached its duty to defend the plaintiff in an underlying action. The plaintiff seeks money damages, costs, legal fees, interest and any other relief that the court deems proper. The parties filed cross-motions for summary judgment and this court granted the plaintiff's motion on May 4, 2005. The plaintiff now moves for judgment against the defendant in the amount of $ 71,604.43. The amount includes attorneys fees and costs incurred in the defense of the underlying suit in the amount of $ 35,811.23, attorneys fees and costs incurred in the present breach of contract action in the amount of $ 22,484.43, interest pursuant to *General Statutes § 37-3a* and interest pursuant to *General Statutes § 52-192a* [*2] .

On June 29, 2005 the defendant conceded that it was liable for the attorneys fees and costs incurred in the underlying suit and issued a check to the plaintiff in the amount of $ 35,811.23 in full payment. n1 Thus, the issues before the court are whether the defendant should also be liable for the attorneys fees and costs incurred in the present action as well as interest pursuant to the aforementioned statutes.

n1 The parties agree that the check was issued without condition of any kind; there was no demand for a release of liability for other claims or for a withdrawal of this action. Despite the unconditional nature of the payment, the parties agree that the plaintiff refused to accept the funds as partial payment but is holding the check in escrow.

II. Legal Fees and Costs in this Action

The first issue is whether an insurer that breaches a duty to defend its insured under the terms of a general liability policy may be liable for the legal fees and costs incurred by the insured in a separate action to [*3] recover the defense costs from the insurer. For the reasons given, I find that the insurer is liable for reasonable legal fees and costs expended by the plaintiff in an effort to recover defense costs that should have been incurred by the insurer in the first instance under a contractual duty to defend.

Although there does not seem to be any appellate authority which is directly on point, this question was previously addressed in the Superior Court in the case of *General Plasma, Inc. v. Reliance Insurance Company, 2000 Conn. Super. LEXIS 68, Superior Court, judicial district of Hartford (January 11, 2000, Peck, J.) (26 Conn. L. Rptr. 189)*. There, the plaintiff entered into a contract of insurance with the defendant. *Id.* The plaintiff was subsequently sued by one of its customers and the defendant refused to defend or indemnify the plaintiff. *Id.* The plaintiff retained defense counsel on its own and incurred expenses incident thereto, ultimately entering

into a settlement agreement with the customer. *Id.* The plaintiff then brought an action for reimbursement of the funds it paid to settle the case as well as attorneys fees and costs. *Id.* Relevant to the present case, the plaintiff also sought [*4] attorneys fees and costs for the reimbursement action. See *id.*

In *General Plasma*, as in the present case, the court found that the defendant had a duty to defend and indemnify the plaintiff pursuant to the insurance contract in passing upon cross-motions for summary judgment. See *id.* The court then assessed the plaintiff's claim that the defendant's "failure to defend in breach of its obligation under the policy also rendered [the defendant] liable to [the plaintiff] for the expenses, including attorneys fees, incurred by [the plaintiff] in the instant action." (Internal quotation marks omitted.) *Id.* In considering the question, the court noted that Connecticut follows the American rule that "attorneys fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception." (Internal quotation marks omitted.) *Id.*, citing *Rizzo v. Grosso, 240 Conn. 58, 72, 689 A.2d 1097 (1997).* Nevertheless, relying on the policy reasons set forth in *Missionaries of the Company of Mary, Inc. v. Aetna Casualty and Surety Co., 155 Conn. 104, 230 A.2d 21 (1967)* and *Aetna Life* [*5] *& Casualty v. Gentile, 1995 Conn. Super. LEXIS 3444, Superior Court, judicial district of Waterbury, Docket No. CV 93 0122259 (Dec. 12, 1995, Sullivan J.) (15 Conn. L. Rptr. 451)*, n2 the court found that, "since the expenses incurred in a subsequent action to enforce the underlying contractual obligation also appear to be 'reasonably incurred,' under all the circumstances, [the defendant insurer] should reimburse [the plaintiff] for its legal expenses in the instant action." *General Plasma, Inc. v. Reliance Insurance Company, 2000 Conn. Super. LEXIS 68 at *17, Superior Court, Docket No. CV 97 05758995, 26 Conn. L. Rptr. 189.* I find myself in agreement with Judge Peck.

n2 The question of whether attorneys fees and costs should be allowed in a subsequent reimbursement action was not before the court in *Missionaries of the Company of Mary, Inc. v. Aetna Casualty and Surety Co., supra, 155 Conn. 104*, or *Aetna Life & Casualty v. Gentile, 1995 Conn. Super. LEXIS 3444, 15 Conn. L. Rptr. 451.* Accordingly, in *General Plasma, Inc. v. Reliance Insurance Company, 2000 Conn. Super. LEXIS 68, Superior Court, Docket No. CV 97 05758995, 26 Conn. L. Rptr. 189*, the court explicitly relied on the policy reasons set forth in those cases.

[*6]

Here, it appears that the attorneys fees and costs that the plaintiff seeks were reasonably incurred in an attempt to obtain reimbursement for the attorneys fees and costs expended by the plaintiff in the underlying action. The defendant has not contested the reasonableness of the amount of the fees. Accordingly, I find that the defendant is liable to the plaintiff for the attorneys fees and costs incurred in this action in the amount of $ 22,484.43.

II. Interest Pursuant to *C.G.S. § 37-3a*

The second issue is whether the defendant should be liable to the plaintiff for interest pursuant to *General Statutes § § 37-3a.* Under the facts and circumstances of this case the answer is no.

The plaintiff seeks pre-judgment and post-judgment interest, pursuant to *General Statutes § 37-3a*, on the sums expended by the plaintiff in the defense of the underlying action. The plaintiff claims that the defendant wrongfully detained such sums from the date it received notice that the plaintiff had arranged for his own defense and requested that the defendant pay the costs.

*General Statutes § 37-3a(a)* [*7] provides in relevant part: "Except as provided in *sections 37-3b, 37-3c* and *52-192a*, interest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions . . . as damages for the detention of money after it becomes payable." "The determination of whether or not interest is to be recognized as a proper element of damage, is one to be made in view of the demands of justice rather than though the application of any arbitrary rule . . . The real question in each case is whether the detention of the money is or is not wrongful under the circumstances." (Citation omitted; internal quotation marks omitted.) *Cecio Brothers, Inc. v. Feldmann, 161 Conn. 265, 275, 287 A.2d 374 (1971)*; see *Spearhead Construction Corp. v. Bianco, 39 Conn.App. 122, 134-35, 665 A.2d 86*, cert. denied, *235 Conn. 928, 667 A.2d 554 (1995).* "Prejudgment interest pursuant to *§ § 37-3a* is appropriate only where the essence of the action itself involves the wrongful withholding of money due and payable to the plaintiff. The prejudgment interest statute does not apply when the essence of the action is the recovery of damages to compensate a plaintiff [*8] for injury, damage or costs incurred as a result of a defendant's negligence. It ordinarily does not apply to contract actions in which the plaintiff is not seeking the recovery of liquidated damages or the recovery of money advanced under a contract and wrongfully withheld after a breach of that contract." *Tang v. Bou-Fakhreddine, 75 Conn.App. 334, 349, 815 A.2d 1276 (2003).* The allowance of interest as an element of damages is, thus, primarily an equitable determination and a matter lying within the discretion of the trial court." *O'Hara v. State, 218 Conn. 628, 643, 590 A.2d 948 (1991).*

Here, the demands of justice do not dictate that interest be awarded under *§ 37-3a*. The essence of the plaintiff's action does not involve a wrongful withholding of money due. The essence of the plaintiff's action is the recovery of damages for the defendant's failure to provide a defense in the prior action. The court has found that the defendant was wrong in not providing the plaintiff with a defense in the underlying case, not in withholding money due and payable. The equities do not weigh in favor of an exercise of discretion to award interest pursuant to *§* [*9] *37-3a*.

III. Interest Pursuant to *C.G.S. § 52-192a*

Additionally, the plaintiff claims that he is entitled to offer-of-judgment interest pursuant to *General Statutes § 52-192a* n3 because he recovered an amount greater than the offer of judgment that he filed. "*Section 52-192a(b)* requires a trial court to award interest to the prevailing plaintiff from the date of the filing of a complaint to the date of judgment whenever: (1) a plaintiff files a valid offer of judgment within eighteen months of the filing of the complaint in a civil complaint for money damages; (2) the defendant rejects the offer of judgment; and (3) the plaintiff ultimately recovers an amount greater than or equal to the offer of judgment." *Loomis Institute v. Windsor, 234 Conn. 169, 180, 661 A.2d 1001 (1995)*. "*General Statutes § § 52-192a* provides for *mandatory* imposition of interest at a set rate, unlike *§ § 37-3a* . . . and affords no allowance for the discretion of the court." *Ceci Brothers, Inc. v. Five Twenty-One Corp., 81 Conn.App. 419, 430, 840 A.2d 578*, cert. denied, *268 Conn. 922, 846 A.2d 881 (2004)*. [*10] Interest pursuant to *General Statutes § 52-192a* "should be imposed only after a judgment or award has been granted by the trial court." *Tureck v. George, 44 Conn.App. 154, 158, 687 A.2d 1309*, cert. denied, *240 Conn. 914, 691 A.2d 1080 (1997)*.

n3 "After trial the court shall examine the record to determine whether the plaintiff made an 'offer of judgment' which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in the plaintiff's "offer of judgment," the court shall add to the amount so recovered twelve per cent annual interest on said amount, computed from the date such offer was filed in actions commenced before October 1, 1981. In those actions commenced on or after October 1, 1981, the interest shall be computed from the date the complaint in the civil action was filed with the court if the "offer of judgment" was filed not later than eighteen months from the filing of such complaint. If such offer was filed later than eighteen months from the date of filing of the complaint, the interest shall be computed from the date the 'offer of judgment' was filed. The court may award reasonable attorneys fees in an amount not to exceed three hundred fifty dollars, and shall render judgment accordingly. This section shall not be interpreted to abrogate the contractual rights of any party concerning the recovery of attorneys fees in accordance with the provisions of any written contract between the parties to the action." *General Statutes § 52-192a(b)*.

[*11]

Here, the summons and complaint were filed with the court on August 3, 2004. The court entered summary judgment in favor of the plaintiff as to liability on May 4, 2004. The plaintiff filed an offer of judgment on May 6, 2005, in the amount of $ 55,000.00. This date is less than eighteen months from the filing date of the complaint. On June 29, 2005 the defendant paid the full amount of the attorneys fees in the prior action. They were paid without condition. This tender was in the nature of a payment on account rather than as an offer of settlement. Therefore, after June 29, 2005 the defendant no longer owed the plaintiff for the attorneys fees in the prior action despite the plaintiff's attempt to avoid receipt by holding them in escrow. The plaintiff filed this motion for judgment as to damages on August 8, 2005.

Based on the foregoing discussion, the court cannot enter judgment for fees that have already been paid. Therefore, the court must deny the request for judgment for fees incurred in the prior action. As to the attorneys fees and costs incurred in the present action, an additional $ 22,484.43 is owed to the plaintiff. Judgment is entering today for this sum. This sum is [*12] less than the offer of judgment filed on May 6, 2005 for $ 55,000. Accordingly, the plaintiff is not entitled to interest pursuant to the offer of judgment.

Judgment shall enter for the plaintiff in the amount of $ 22,484.43.

BY THE COURT,

John W. Pickard