# EXHIBIT E

N.Y.B.T.U. Form No. 100D

# CHICAGO TITLE INSURANCE COMPANY

## HOME TITLE DIVISION

# POLICY OF TITLE INSURANCE

CHICAGO TITLE INSURANCE COMPANY, in consideration of the payment of its charges for the examination of title and its premium for insurance, insures the within named insured against all loss or damage not exceeding the amount of insurance stated herein and in addition the costs and expenses of defending the title, estate or interest insured, which the insured shall sustain by reason of any defect or defects of title affecting the premises described in Schedule A or affecting the interest of the insured therein as herein set forth, or by reason of unmarketability of the title of the insured to or in the premises, or by reason of liens or incumbrances affecting title at the date hereof, or by reason of any statutory lien for labor or material furnished prior to the date hereof which has now gained or which may hereafter gain priority over the interest insured hereby, or by reason of a lack of access to and from the premises, excepting all loss and damage by reason of the estates, interests, defects, objections, liens, incumbrances and other matters set forth in Schedule B, or by the conditions of this policy hereby incorporated into this contract, the loss and the amount to be ascertained in the manner provided in said conditions and to be payable upon compliance by the insured with the stipulations of said conditions, and not otherwise.

In Witness Whereof, CHICAGO TITLE INSURANCE COMPANY has caused this policy to be signed and sealed on its date of issue set forth herein.

CHICAGO TITLE INSURANCE COMPANY CORPORATE SEAL

Vice President

Secretary

Validating Officer or Agent

374-15M-8-65

Name of Insured

THE KENT SCHOOL CORPORATION

Policy No.
EC-16344

Amount of Insurance
$100,000

Date of Issue
September 7, 1966

The estate or interest insured by this policy is

Fee Simple

vested in the insured by means of

DEED made by M. BRUCE SOLOMON, ANCILLARY CONSERVATOR OF THE ESTATE OF FLORENCE BAKER BONOS a/k/a/ FLORENCE EMELINE BAKER a/k/a FLORENCE E.M. BAKER, AN INCAPABLE PERSON, to the insured, dated September 2, 1966 and recorded September 7, 1966 in the Kent Land Records.

## SCHEDULE A

The premises in which the insured has the estate or interest covered by this policy is described on the description sheet annexed.

## SCHEDULE B

The following estates, interests, defects, objections to title, liens, and incumbrances and other matters are excepted from the coverage of this policy:

1. Defects and incumbrances arising or becoming a lien after the date of this policy, except as herein provided.

2. Consequences of the exercise and enforcement or attempted enforcement of any governmental war or police powers over the premises.

3. Zoning restrictions or ordinances imposed by any governmental body.

4. Judgments against the insured or estates, interests, defects, objections, liens or incumbrances created, suffered, assumed or agreed to by or with the privity of the insured.

5. Title to any property beyond the lines of the premises, or title to areas within or rights or easements in any abutting streets, roads, avenues, lanes, ways or waterways or the right to maintain therein vaults, tunnels, ramps or any other structure or improvement, unless this policy specifically provides that such titles, rights, or easements are insured. Notwithstanding any provisions in this paragraph to the contrary, this policy, unless otherwise excepted, insures the ordinary rights of access and egress belonging to abutting owners.

6. Compliance by the buildings or other erections upon the premises or their use with Federal, State and Municipal laws, regulations and ordinances.

7. Title to any personal property, whether the same be attached to or used in connection with said premises or otherwise.

8. Effect, if any, of spring rights contained in Deed recorded in Volume 25 at page 217 of the Kent Land Records.

9. Easement to The Connecticut Light and Power Company recorded in Volume 40 at page 414 of the Kent Land Records.

10. Pipe line and water rights contained in Deed recorded in Volume 38 at page 80 of the Kent Land Records.

11. Rights granted to New Milford Power Company by virtue of an action in the Superior Court of Litchfield County, the pertinent portions of which were recorded in Volume 42 at page 216 of the Kent Land Records.

12. Rights of present tenant in possession, Raymond Thompson.

13. No title is insured to any land lying below the present or any former high water line of the Housatonic River.

14. Rights of the United States Government to change and alter the harbor, bulkhead or pierhead lines adjacent to said premises; to establish harbor, bulkhead or pierhead lines different from the present lines; and to take land now or formerly under water without compensation.

15. Rights of the United States Government, the State of Connecticut and the Town of Kent, or any of their departments or agencies, to regulate and control the use of the piers, bulkhead, land under water and land adjacent thereto.

16. Rights of others in and to Schaghticoke Road running through the premises.

17. Taxes of the Town of Kent for the second installment on the List of October 1, 1965, due and payable in January, 1967.

(See Schedule B Continued)

Ronald [illegible]

Validating Officer or Agent

Code No. 11239

NYBTU-374A 45M-9-64

Policy No. EC-16344

SCHEDULE A CONTINUED

That certain piece or parcel of land situated in the Town of Kent, County of Litchfield and State of Connecticut, being more particularly bounded and described as follows:

| | |
|---|---|
| NORTH | by land now or formerly of W. B. Meloney, by land now or formerly of Edwin R. Emanuel, et ux, and by land now or formerly of the Grantee herein, in part by each; |
| EAST | by land now or formerly of the Grantee herein and by the Housatonic River, in part by each; |
| SOUTH | by other land of this Estate (being the extension east of the north line of land now or formerly of the Schaghticoke Indian Reservation) and by land now or formerly of said Schaghticoke Indian Reservation, in part by each; and |
| WEST | by land now or formerly of the Preston Mountain Club, by land now or formerly of the heirs of Sophia Eaton, again by land now or formerly of said Club, and by land now or formerly of said Meloney, in part by each. |

EXCLUDING THEREFROM, HOWEVER, 3/4 Acre of land owned by one Raymond Cross, conveyed by deed dated May 21, 1925 and recorded in Volume 38, Page 80.

Ronald King
Validating Officer or Agent

Code No. 11239

395-10M-4-65

SCHEDULE B CONTINUED

POLICY NO. EC-163444

Items NOT MARKED [illegible]
are [illegible]

.......................................... Rights [illegible]

........OMIT........KK........ Any rights [illegible]
in connection [illegible]

.......................................... Rights, [illegible]
guy wires [illegible]
said premises [illegible]
of record in [illegible]

.......................................... Underground [illegible]
and such [illegible]
the same.

.......................................... The [illegible]

.......................................... Riparian [illegible]

.......................................... Rights of [illegible]
and the natural [illegible]

.......................................... Any state of [illegible]
would disclose.

.......................................... The exact [illegible]
thereof [illegible]

.......................................... Any [illegible]
survey [illegible]

---

Items NOT MARKED "OMIT" and initialed by Validating Officer or Agent are excepted and NOT INSURED.

A....................Rights of present tenants, lessees or parties in possession.

B......OMIT..RK...... Any rights of mechanics' lienors for services rendered or materials furnished in connection with the herein described premises.

C...................Rights, if any, in favor of any electric light or telephone company to maintain guy wires extending from said premises to poles located on the roads on which said premises abut, but policy insures, however, that there are no such agreements of record in connection therewith, except as may be shown herein.

D...................Underground encroachments and easements, if any, including pipes and drains, and such rights as may exist for entry upon said premises to maintain and repair the same.

E.................... The exact acreage or area of the premises herein is not insured.

F...................Riparian rights, if any, in favor of the premises herein are not ins[ured].

G...................Rights of others to drain through creeks or streams, if any, which cross premises and the natural flow thereof.

H.................Any state of facts which a personal inspection of the premises herein described would disclose.

I................The exact location, dimensions and distances of the premises and the accuracy thereof are not insured.

J................Any state of facts, including changes in streets or road lines, which an accurate survey or personal inspection would show.

# CONDITIONS OF THIS POLICY

**Section One. Definitions** (a) Wherever the term "insured" is used in this policy it includes those who succeed to the interest of the insured by operation of law including, without limitation, heirs, distributees, devisees, survivors, personal representatives, next of kin or corporate successors, as the case may be, and those to whom the insured has assigned this policy where such assignment is permitted by the terms hereof, and whenever the term "insured" is used in the conditions of this policy it also includes the attorneys and agents of the "insured."

(b) Wherever the term "this company" is used in this policy it means Chicago Title Insurance Company.

(c) Wherever the term "final determination" or "finally determined" is used in this policy, it means the final determination of a court of competent jurisdiction after disposition of all appeals or after the time to appeal has expired.

(d) Wherever the term "the premises" is used in this policy, it means the property insured herein as described in Schedule A of this policy including such buildings and improvements thereon which by law constitute real property.

(e) Wherever the term "recorded" is used in this policy it means, unless otherwise indicated, recorded in the office of the recording officer of the county in which property insured herein lies.

**Section Two. Defense and Prosecution of Suits** (a) This company will, at its own cost, defend the insured in all actions or proceedings founded on a claim of title or incumbrances not excepted in this policy.

(b) This company shall have the right and may, at its own cost, maintain or defend any action or proceeding relating to the title or interest hereby insured, or upon or under any covenant or contract relating thereto which it considers desirable to prevent or reduce loss hereunder.

(c) In all cases where this policy requires or permits this company to prosecute or defend, the insured shall secure to it the right and opportunity to maintain or defend the action or proceeding, and all appeals from any determination therein, and give it all reasonable aid therein, and hereby permits it to use therein, at its option, its own name or the name of the insured.

(d) The provisions of this section shall survive payment by this company of any specific loss or payment of the entire amount of this policy to the extent that this company shall deem it necessary in recovering the loss from those who may be liable therefor to the insured or to this company.

**Section Three. Cases Where Liability Arises** No claim for damages shall arise or be maintainable under this policy except in the following cases:

(a) Where there has been a final determination under which the insured may be dispossessed, evicted or ejected from the premises or from some part or undivided share or interest therein.

(b) Where there has been a final determination adverse to the title, upon a lien or incumbrance not excepted in this policy.

(c) Where the insured shall have contracted in good faith in writing to sell the insured estate or interest, or where the insured estate has been sold for the benefit of the insured pursuant to the judgment or order of a court and the title has been rejected because of a defect or incumbrance not excepted in this policy and there has been a final determination sustaining the objection to the title.

(d) Where the insurance is upon the interest of a mortgagee and the mortgage has been adjudged by a final determination to be invalid or ineffectual to charge the insured's estate or interest in the premises, or subject to a prior lien or incumbrance not excepted in this policy; or where a recording officer has refused to accept from the insured a satisfaction of the insured mortgage and there has been a final determination sustaining the refusal because of a defect in the title to the said mortgage.

(e) Where the insured shall have negotiated a loan to be made on the security of a mortgage on the insured's estate or interest in the premises and the title shall have been rejected by the proposed lender and it shall have been finally determined that the rejection of the title was justified because of a defect or incumbrance not excepted in this policy.

(f) Where the insured shall have transferred the title insured by an instrument containing covenants in regard to title or warranty thereof and there shall have been a final determination on any of such covenants or warranty, against the insured, because of a defect or incumbrance not excepted in this policy.

(g) Where the insured estate or interest or a part thereof has been taken by condemnation and it has been finally determined that the insured is not entitled to a full award for the estate or interest taken because of a defect or incumbrance not excepted in this policy.

No claim for damages shall arise or be maintainable under this policy (1) if this company, after having received notice of an alleged defect or incumbrance, removes such defect or incumbrance within thirty days after receipt of such notice; or (2) for liability voluntarily assumed by the insured in settling any claim or suit without the written consent of this company.

**Section Four. Notice of Claim** In case a purchaser or proposed mortgage lender raises any question as to the sufficiency of the title hereby insured, or in case actual knowledge shall come to the insured of any claim adverse to the title insured hereby, or in case of the service on or receipt by the insured of any paper, or of any notice, summons, process of pleading in any action or proceeding, the object or effect of which shall or may be to impugn, attack or call in question the validity of the title hereby insured, the insured shall promptly notify this company thereof in writing at its New York office and forward to this company such paper or such notice, summons, process or pleading. Delay in giving this notice and delay in forwarding such paper or such notice, summons, process or pleading shall not affect this company's liability if such failure has not prejudiced and cannot in the future prejudice this company.

**Section Five. Payment of Loss** (a) This company will pay, in addition to the loss, all statutory costs and allowances imposed on the insured in litigation carried on by this company for the insured under the terms of this policy. This company shall not be liable for and will not pay the fees of any counsel or attorney employed by the insured.

(b) In every case where claim is made for loss or damage this company (1) reserves the right to settle, at its own cost, any claim or suit which may involve liability under this policy; or (2) may terminate its liability hereunder by paying or tendering the full amount of this policy; or (3) may, without conceding liability, demand a valuation of the insured estate or interest, to be made by three arbitrators or any two of them, one to be chosen by the insured and one by this company, and the two thus chosen selecting an umpire. Such valuation, less the amount of any incumbrances on said insured estate and interest not hereby insured against, shall be the extent of this company's liability for such claim and no right of action shall accrue hereunder for the recovery thereof until thirty days after notice of such valuation shall have been served upon this company, and the insured shall have tendered a conveyance or assignment of the insured estate or interest to this company or its designee at such valuation, diminished as aforesaid. The foregoing option to fix a valuation by arbitration shall not apply to a policy insuring a mortgage or leasehold interest.

(c) Liability to any collateral holder of this policy shall not exceed the amount of the pecuniary interest of such collateral holder in the premises.

(d) All payments made by this company under this policy shall reduce the amount hereof *pro tanto* except (1) payments made for counsel fees and disbursements in defending or prosecuting actions or proceedings in behalf of the insured and for statutory costs and allowances imposed on the insured in such actions and proceedings, and (2), if the insured is a mortgagee, payments made to satisfy or subordinate prior liens or incumbrances not set forth in Schedule B.

(e) When liability has been definitely fixed in accordance with the conditions of this policy, the loss or damage shall be payable within thirty days thereafter.

**Section Six. Co-insurance and Apportionment** (a) In the event that a partial loss occurs after the insured makes an improvement subsequent to the date of this policy, and only in that event, the insured becomes a co-insurer, to the extent hereinafter set forth.

If the cost of the improvement exceeds twenty per centum of the amount of this policy, such proportion only of any partial loss established shall be borne by the company as one hundred twenty per centum of the amount of this policy bears to the sum of the amount of this policy and the amount expended for the improvement. The foregoing provisions shall not apply to costs and attorneys' fees incurred by the company in prosecuting or providing for the defense of actions or proceedings in behalf of the insured pursuant to the terms of this policy or to costs imposed on the insured in such actions or proceedings, and shall apply only to that portion of losses which exceed in the aggregate ten per cent of the face of the policy.

Provided, however, that the foregoing co-insurance provisions shall not apply to any loss arising out of a lien or encumbrance for a liquidated amount which existed on the date of this policy and was not shown in Schedule B; and provided further, such co-insurance provisions shall not apply to any loss if, at the time of the occurrence of such loss, the then value of the premises, as so improved, does not exceed one hundred twenty per centum of the amount of this policy.

(b) If the premises are divisible into separate, independent parcels, and a loss is established effecting one or more but not all of said parcels, the loss shall be computed and settled on a *pro rata* basis as if this policy were divided *pro rata* as to value of said separate, independent parcels, exclusive of improvements made subsequent to the date of this policy.

(c) Clauses "(a)" and "(b)" of this section apply to mortgage policies only after the insured shall have acquired the interest of the mortgagor.

(d) If, at the time liability for any loss shall have been fixed pursuant to the conditions of this policy, the insured holds another policy of insurance covering the same loss issued by another company, this company shall not be liable to the insured for a greater proportion of the loss than the amount that this policy bears to the whole amount of insurance held by the insured, unless another method of apportioning the loss shall have been provided by agreement between this company and the other insurer or insurers.

**Section Seven. Assignment of Policy** If the interest insured by this policy is that of a mortgagee, this policy may be assigned to and shall enure to the benefit of successive assignees of the mortgage without consent of this company or its endorsement of this policy. Provision is made in the rate manual of New York Board of Title Underwriters filed with the Superintendent of Insurance of the State of New York on behalf of this and other member companies for continuation of liability to grantees of the insured in certain specific circumstances only. In no circumstance provided for in this section shall this company be deemed to have insured the sufficiency of the form of the assignment or other instrument of transfer or conveyance or to have assumed any liability for the sufficiency of any proceedings after the date of this policy.

**Section Eight. Subrogation** (a) This company shall to the extent of any payment by it of loss under this policy, be subrogated to all rights of the insured with respect thereto. The insured shall execute such instruments as may be requested to transfer such rights to this company. The rights so transferred shall be subordinate to any remaining interest of the insured.

(b) If the insured is a mortgagee, this company's right of subrogation shall not prevent the insured from releasing the personal liability of the obligor or guarantor or from releasing a portion of the premises from the lien of the mortgage or from increasing or otherwise modifying the insured mortgage provided such acts do not affect the validity or priority of the lien of the mortgage insured. However, the liability of this company under this policy shall in no event be increased by any such act of the insured.

**Section Nine. Misrepresentation** Any untrue statement made by the insured, with respect to any material fact, or any suppression of or failure to disclose any material fact, or any untrue answer by the insured, to material inquiries before the issuance of this policy, shall void this policy.

**Section Ten. No Waiver of Conditions** This company may take any appropriate action under the terms of this policy whether or not it shall be liable hereunder and shall not thereby concede liability or waive any provision of this policy.

**Section Eleven. Policy Entire Contract** All actions or proceedings against this company must be based on the provisions of this policy. Any other action or actions or rights of action that the insured may have or may bring against this company in respect of other services rendered in connection with the issuance of this policy, shall be deemed to have merged in and be restricted to its terms and conditions.

**Section Twelve. Validation and Modification** This policy is valid only when duly signed by a validating officer or agent. Changes may be effected only by written endorsement. If the recording date of the instruments creating the insured interest is later than the policy date, such policy shall also cover intervening liens or incumbrances, except real estate taxes, assessments, water charges and sewer rents.

374-15M-8-65

# POLICY

# OF

# TITLE INSURANCE

## CHICAGO TITLE INSURANCE COMPANY

### HOME TITLE DIVISION

TITLE PROTECTION ACROSS THE COUNTRY

NEW YORK
180 Fulton Street, New York, N.Y. 10007

| | |
|---|---|
| BROOKLYN<br>51 Willoughby Street<br>Brooklyn, N.Y. 11201 | STATEN ISLAND<br>350 St. Marks Place<br>Staten Island 1, N.Y. |
| JAMAICA<br>90-14—161st Street<br>Jamaica, L.I., N.Y. 11432 | WHITE PLAINS<br>17 South Broadway<br>White Plains, N.Y. 10601 |
| MINEOLA<br>370 Old Country Road<br>Mineola, L.I., N.Y. 11502 | EAST ORANGE<br>28 Washington Street<br>East Orange, N.J. 07017 |
| NEW CITY<br>2 New Hempstead Road<br>New City, N.Y. 10956 | HACKENSACK<br>210 River Street<br>Hackensack, N.J. 07601 |
| RIVERHEAD<br>117 East Main Street<br>Riverhead, L.I., N.Y. 11902 | NEWARK<br>744 Broad Street<br>Newark, N.J. 07102 |