LEXSEE

# MILWAUKEE MECHANICS INS. CO. et al. v. DAVIS

**No. 13849**

**UNITED STATES COURT OF APPEALS FIFTH CIRCUIT**

**198 F.2d 441; 1952 U.S. App. LEXIS 3189**

**August 8, 1952**

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Appellant insurer sought review of a district court decision awarding attorneys' fees and expenses to appellee insured, which appellee incurred in the defense of a personal injury action because of appellant's breach of an automobile insurance contract.

**OVERVIEW:** Appellee insured was insured with appellant insurer under a policy that provided for automatic insurance for newly acquired automobiles. Appellee acquired a new automobile and was involved in an accident, seriously injuring two individuals. The injured parties filed actions claiming damages and these suits were referred to appellant for defense. Appellant took the position that there was no coverage for the new automobile under the policy. Appellant filed a declaratory judgment action in the state court to have its rights under the policy declared. The declaratory judgment action was decided adversely to appellant, and appellant paid the personal injury verdicts pursuant to an agreement. Appellee sought attorneys' fees and costs in connection with the personal injury action and the declaratory judgment action. The district court awarded appellee attorneys' fees for both actions. On appeal, the court affirmed the award of attorneys' fees for the personal injury action, but held that attorneys' fees were not recoverable in connection with the declaratory judgment action because the liability for attorneys' fees did not flow directly from the breach of the contract of insurance.

**OUTCOME:** The court affirmed the district court's award of attorneys' fees and costs to appellee insured for defense of a personal injury action, but reversed the award of attorneys' fees and costs in connection with appellant's declaratory judgment action because they did flow directly from the breach of the insurance contract.

**CORE TERMS:** insured, declaratory judgment action, defending, personal injury, expenses incurred, recoverable, fees incurred, contract of insurance, reasonable expenses, cause of action, original form, settlement, stubbornly, reimburse, litigious, preparing, earnings, similar provision, insuring, reimbursing, premiums, non-liability, instituted, corrected, automatic, answered, notified, omission, one-half, insurer

**LexisNexis(R) Headnotes**

***Insurance Law > Bad Faith & Extracontractual Liability > General Overview***
***Insurance Law > Claims & Contracts > Costs & Attorney Fees > General Overview***
[HN1] Ga. Code Ann. § § 56-706, 20-1404 provide for the recovery of attorney's fees as expenses of litigation where a defendant has acted in bad faith or has been stubbornly litigious.

***Insurance Law > Claims & Contracts > Costs & Attorney Fees > Declaratory Judgments***
***Insurance Law > Claims & Contracts > Declaratory Relief > General Overview***
[HN2] An insurer is not liable for attorney's fees and expenses incurred by an insured in a declaratory judgment action instituted by the insurer to determine its liability under the policy.

**COUNSEL:** [**1]

Rembert Marshall, W. Neal Baird, Atlanta, Ga., for appellants.

Herbert Johnson, Atlanta, Ga., for appellee.

**JUDGES:**

Before HOLMES, BORAH and RIVES, Circuit Judges.

**OPINION BY:**

**OPINION:**

[*441]

The appellee agrees that, with one omission, the appellants' statement of the case is correct. Accordingly, that concise and accurate statement (but without its record references) is here quoted:

[*442] 'The Appellee (plaintiff in the Court below) brought suit against Appellants to recover expenses and attorney's fees claimed to have been sustained because of Appellants 'failure to live up to' a certain automobile liability insurance contract existing between the parties.

'The case was tried before the Judge without a jury principally upon an agreed stipulation of facts * * * the only oral testimony being with respect to the reasonableness of the legal expenses claimed to have been incurred.

'Judgment was rendered against Appellants for the sum of Thirty Five Hundred ($ 3500.00) Dollars * * * and after a motion to amend findings was overruled * * * a notice of appeal to this Court was filed * * * .

'The background of the case is as follows:

'Appellee was insured [**2] with Appellants under a certain automobile insurance policy which covered a 1941 Oldsmobile automobile and which provided for automatic insurance for newly acquired automobiles under certain provisions (copy of policy attached to transcript of record from Fulton Superior Court sent up in original form).

'On July 20, 1946 the Oldsmobile was traded in on a 1941 Cadillac and several months later, to wit: on November 16, 1946, Appellee had an accident with said automobile, seriously injuring one Don Morton and one L. B. Hawkins, Jr. * * * .

'Early in December, 1946, suits were filed against Appellee by both injured parties claiming damages and these suits were referred to Appellants for defense * * * . On December 20, 1946 Appellee was notified that Appellants were taking the position that there was no coverage under the policy because the acquisition of the Cadillac car was never reported to Appellants with the consequence that said automobile did not come within the automatic insurance provision. The two suits were returned to Appellee on that date * * * . Appellee disputed this and contended that he had notified an agent of the companies at the time he acquired the [**3] Cadillac automobile. However, said suits were turned over to Appellee's attorney for further handling * * * .

'A week after the suits were returned to Appellee and before they were answered and before the time for answering had expired Appellants filed a declaratory judgment action in the State Court to have their rights under the policy declared, and obtained an order enjoining the further prosecution of the two personal injury suits, including the marking of said suits in default by the Clerk because of any failure to answer by defendants * * * .

'Thereafter Mr. Herbert Johnson, attorney for Appellee, filed answers in the two cases, each of such answers consisting of nothing more than a general denial of all paragraphs (transcript from Fulton Superior Court sent up in original form) after making some investigation * * * .

'Mr. Johnson represented Appellee in the declaratory judgment action which had a number of hearings, a trial on the merits and an appeal by the insurance companies to the State Supreme Court, with the subsequent transfer of the case to the Court of Appeals * * * .

'After a decision against the insurance companies in the trial Court and pending [**4] the appeal a joint conference was held between the attorneys for the plaintiffs in the two personal injury actions, the attorney for Appellee and the attorneys for Appellants, resulting in a settlement of such suits by the taking of consent verdicts against Appellee but with the understanding that such verdicts were to be paid off by Appellants in the event the declaratory judgment action was decided against them * * * .

'The declaratory judgment action was decided adversely to Appellants, [*443] Milwaukee Mechanics Ins. Co. v. Davis, 79 Ga.App. 70, 52 S.E.2d 643, and promptly thereafter they paid off each of the verdicts and the personal injury suits were thereby terminated * * * .

'Thereafter the instant suit was brought in the State Court and removed to the United States District Court * * * on grounds of diversity of citizenship * * * .

'A copy of the entire record in the declaratory judgment action, which record contains a copy of the record in each of the personal injury suits, was introduced in evidence as a part of the stipulation of facts * * * and has been sent up in original form * * * .'

The one omission from the foregoing statement [**5] of the case noted by the appellee is ' * * * that the attorneys for the plaintiffs in the actions for damages in the Fulton Superior Court filed a petition to consolidate the damage suits with the declaratory judgment action and seeking to dissolve the restraining order. Appellee's

attorney argued these motions before the Fulton Superior Court.'

The district court found as facts that the insured incurred liability for attorney's fees in the amount of $ 1,500.00 for work in preparing and defending the personal injury actions filed against the insured and that such fees were necessary and reasonable; that the insured necessarily incurred liability for reasonable attorney's fees in defending the declaratory judgment action in the sum of $ 2,000.00.

In its conclusions of law, the district court said in part:

'It is concluded that the liability incurred by complainant for attorney's fees in defending both the damage suits and the declaratory judgment action are damages flowing directly from the breach of the contract of insurance and are recoverable as such.

'That the liability for attorney's fees in both the damage suits and the declaratory judgment action were incurred [**6] at the 'Company's request within the meaning of the terms of the contract of insurance.'

The policy is to be construed in accordance with the laws of Georgia; it was written in Georgia, to be performed in that State, and is being sued on in Georgia. See John Hancock Mutual Life Ins. Co. v. Yates, 50 Ga.App. 713, 179 S.E. 239, affirmed 182 Ga. 213, 185 S.E. 268, certiorari granted 299 U.S. 525, 57 S.Ct. 20, 81 L.Ed. 386, reversed 299 U.S. 178, 57 S.Ct. 129, 81 L.Ed. 106, reversed 184 Ga. 42, 190 S.E. 560, vacated 55 Ga.App. 771, 191 .S.E. 392.

Georgia has certain statutes, [HN1] Sections 56-706 and 20-1404 of the Code of Georgia, providing for the recovery of attorney's fees as expenses of litigation where a defendant has acted in bad faith or has been stubbornly litigious. With commendable candor the appellee's counsel stated to the trial court, and repeats here, that the appellee did not make out a case of bad faith or stubborn litigiousness on the part of the insurance company.

It seems to us, that the Georgia Court of Appeals has conclusively answered the contention that the attorney's [**7] fees incurred by the insured in defending the declaratory judgment action are damages flowing directly from the breach of the contract of insurance and recoverable as such. In the case of Maryland Casualty Co. v. Sammons, 63 Ga.App. 323, 11 S.E.2d 89, 91, that court speaking through Judge Felton said:

'The petition, * * * , does not set out a cause of action for expense incurred in the case in the Federal Court for the reason that it was in effect a suit against the insurance company on the policy, in which the liability of the company to Sammons on the policy was involved, and the policy does not provide for the payment of expenses or attorney's fees in such a case, and the petition is not predicated upon the idea that the case in the Federal Court was brought in bad faith or that the insurance company was stubbornly litigious. The situation is the same as if the petition for a declaratory [*444] judgment had not been filed. If Crandall had obtained a judgment against Sammons and the insurance company had refused to pay it, Sammons would have had a cause of action against it for the amount of the judgment, up to the amount contracted for, plus the [**8] costs incurred in defending the damage suit. He would not in such a case have a cause of action for expenses of the suit against the insurance company unless the insurance company had acted in bad faith, or fraudulently, or had been stubbornly litigious. * * * Every person, natural or artificial, has a right to have his rights under a contract adjudicated, subject to the rule just stated, whether the issues are made affirmatively or defensively, without paying the attorney's fees of the opposite party in such a suit.'

The other ground upon which the district court held that the attorney's fees in the declaratory judgment action were recoverable, and the ground most forcibly urged by the appellee, is that under the policy of insurance the insurance company agreed to reimburse the insured for expenses incurred at the Company's request excluding only loss of earnings. The exact language of the policy in that regard is:

'The Company shall reimburse the insured for all reasonable expenses, other than loss of earnings, incurred at the Company's request.'

The Georgia Court of Appeals in the Sammons case, supra, did not refer to any similar provision. However, the policy [**9] in that case was before this court in Maryland Casualty Company v. Sammons, 5 Cir., 99 F.2d 323, and by reference to the record in that case, we find that the policy did contain a similar provision as follows:

" * * * and the company shall reimburse the insured for any expense, other than loss of earnings incurred at the company's request."

Evidently, that ground of liability for the attorney's fees in the declaratory judgment action was not presented to the Georgia Court in the Sammons case. It does not appear to have been passed upon in that case.

The decisions outside of Georgia support the view of the Georgia Court in the Sammons case that ordinarily [HN2] an insurer is not liable for attorney's fees and expenses incurred by an insured in a declaratory judgment

action instituted by the insurer to determine its liability under the policy. n1

The only case that either party has been able to find that clearly passes upon the liability for such attorney's fees under a provision in the policy providing for reimbursing the insured for reasonable expenses incurred at the Company's request is Standard Accident Insurance Co. of Detroit v. Hull, D.C., 91 F.Supp. 65, 68. [**10] In that case District Judge Carter of the Southern District of California said:

'Do the fees of attorneys for Hull and Berry constitute reasonable expenses, 'incurred at the Company's request' by the insured, in view of (1) The Act of the Company in filing action for declaratory relief, naming Hull and Berry as defendants, and causing them to be served with process; (2) The prayer of plaintiff's complaint, not merely requesting but requiring defendants to appear and set up their claim.

'Our answer is yes. The language of the plaintiff's agreement is clear and the record shows Hull and Berry employed attorneys and incurred obligations for attorney's fees herein.'

No authority is cited in support of the court's ruling, and the question remains whether the reasoning of the district court in that case is sound.

'The fundamental question to be determined in the legal construction of all contracts is, what was the real intention [*445] of the parties?' New York Life Ins. Co. v. Babcock, 104 Ga. 67, 30 S.E. 273, 275, 42 L.R.A. 88; See 29 Am.Jur., Insurance, Section 157. The provision of the policy under consideration appears under the main heading [**11] of 'Insuring Agreements' and under a subheading of 'Defense, Settlement, Supplementary Payments'. In that subdivision of the policy, provision is made for the payment of several items of expenses, such as premiums on bonds to release attachments, premiums on appeal bonds in any defended suit, expenses incurred by the insured for immediate medical and surgical relief to others. In each instance the particular expense agreed to be paid by the company is in furtherance of the performance of its insuring agreements and is accurately titled as 'Defense, Settlement, Supplementary Payments'. This part of the policy has to do with performance, not breach, of the insuring agreements. It is significant that when possible breach by the company is dealt with later in the paragraph captioned 'Action Against Company', there is no reference to any obligation on the part of the company to pay the insured's attorney's fees.

In the Sammons case, supra, the provision for reimbursing the insured for expenses incurred at the Company's request appeared in a paragraph of the policy dealing with 'Assistance and Cooperation of the Insured'. The interest of the company would be furthered [**12] by the expenditures requested of the insured. That is not true as to the expenses of attorney's fees for defending a declaratory judgment action instituted by the company to declare its non-laibility. There the interest of the company would be advanced if the insured conceded the company's position or did not employ attorneys to resist its claim of non-liability.

The word 'expenses', while it might include attorney's fees, is not very appropriate for that purpose. 'Generally it is held that attorney's fees are not included within a contractual provision for the payment of 'expenses'.' 14 Am.Jur., Costs, Section 63; See note in Annotated Cases 1914C, p. 1301. It seems to us that the expenses contemplated by the parties in this provision of the insurance policy were expenses in connection with the risk insured against or incurred in the performance of the contract and not expenses incurred in litigation between the insured and the company to determine whether a risk was covered by the policy.

To say that a plaintiff in a declaratory judgment action, or for that matter in any law suit, 'requests' the defendant to employ attorneys to contest the action, is a mere play [**13] upon words and is contrary to the real substance of the transaction. Due process would, of course, accord the insured the privilege of resisting the company's claim of non-liability and to that end the insured would have the right to employ attorneys, but it would be contrary to every interest of the company to say that the company 'requested' such action. We do not think that either the insurance company or the insured could have had the intention that the insurance company could defend a suit on its policy or could file a declaratory judgment action only at the risk of being liable for attorney's fees incurred by the insured. In our opinion, the attorney's fees incurred by the insured in the declaratory judgment action were not recoverable from the insurance company.

The appellants insist also that the award of attorney's fees by the district court for preparing and defending the personal injury actions was excessive, but we do not find sufficient support in the record for that insistence.

In accordance with the views which we have expressed, the judgment is corrected so as to eliminate the $ 2,000.00 allowed as attorney's fees in defending the declaratory judgment [**14] action, and the judgment in the amount of $ 1,500.00 for attorney's fees in preparing and defending the personal injury actions is affirmed. The costs of appeal are taxed one-half against the appellant and one-half against appellee.

Corrected and affirmed.

n1. Standard Surety and Casualty Co. of New York v. Perrin, La. App., 19 So.2d 783; Carter v. Virginia Surety Co., 187 Tenn. 595, 216 S.W.2d 324; Maryland Casualty Company v. Dalton Coal and Material Co., 8 Cir., 184 F.2d 181. See also, Ocean Accident and Guarantee Corporation v. Heald, D.C., 30 F.Supp. 991; State Farm Mutual Automobile Ins. Co. v. Brooks, D.C., 43 F.Supp. 870.

LEXSEE

# ALLSTATE INSURANCE COMPANY, Appellee, v. VASQUEZ et al., Appellants

**No. 60695**

**Court of Appeals of Ohio, Eighth Appellate District, Cuyahoga County**

**74 Ohio App. 3d 564; 599 N.E.2d 756; 1991 Ohio App. LEXIS 2729**

**June 17, 1991, Decided**

**PRIOR HISTORY:** [***1]

Character of Proceeding: Civil appeal from Common Pleas Court; No. 163719.

**DISPOSITION:**

*Judgment affirmed.*

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Appellee insurer brought a declaratory judgment action specifically requesting a determination of whether the insurer owed appellant insureds a duty to defend and indemnify them in a tort claim pursuant to their homeowner's insurance policy. The insureds later appealed a judgment from the Cuyahoga County Common Pleas Court (Ohio) denying their motion to recover attorney fees incurred in their defense of the declaratory judgment.

**OVERVIEW:** The tort claim was brought by parents on behalf of their minor child who sustained injuries on the insureds' property. The insured ran a babysitting business there. The insurer assigned an attorney to undertake the defense of the tort action on behalf of the insureds. In the action for declaratory relief, the insureds filed a counterclaim and third-party complaint against the insurer's sales agent. The trial court found, as a matter of law, that the policy unambiguously excluded coverage. However, the jury found that the agent did bind the insurer to provide coverage for the babysitting services. The court upheld the trial court's denial of attorney fees. Based on the rationale behind awarding attorney fees to insureds, the insurer had to breach its contract by wrongfully or unjustifiably refusing to defend the insureds in a tort action under the policy as a precursor to an award. Because the insurer did not breach the contract, the insureds were not entitled to fees. The insurer in fact undertook the defense of the insureds despite the unambiguous exclusion while simultaneously acting within its right to question its duty by filing a declaratory judgment action.

**OUTCOME:** The court affirmed the judgment of the trial court.

**CORE TERMS:** insured, declaratory judgment action, tort action, tort claim, babysitting, insurer, duty to defend, insured person, matter of law, statutory authorization, award of attorney, wrongfully, declaratory judgment, insurance policy, fees incurred, sub judice, counterclaim, third-party, undertook, undertake

**LexisNexis(R) Headnotes**

***Insurance Law > Claims & Contracts > Policy Interpretation > Plain Language***
[HN1] The construction of written contracts is a matter of law. The plain language of the contract controls.

***Insurance Law > Bad Faith & Extracontractual Liability***
***Insurance Law > Claims & Contracts > Costs & Attorney Fees > Declaratory Judgments***
***Insurance Law > Claims & Contracts > Costs & Attorney Fees > Failure to Defend***
[HN2] Implicit in all the cases dealing with the rights of an insured to recover attorney fees in a declaratory judgment action is that a breach of contract must occur under the policy. As a precursor to the award of attorney fees, an insurance company must breach the contract by wrongfully or unjustifiably refusing to defend its insured in a tort action under a policy.

**COUNSEL:**

*Fredric E. Kramer*, for appellee.

*George V. McCullough*, for appellants.

**JUDGES:**

Krupansky, C.J., Dyke and Nahra, JJ., concur.

**OPINION BY:**

PER CURIAM

**OPINION:**

[*565] [**756] Plaintiff-appellee, Allstate Insurance Company, filed a complaint January 20, 1989 for a declaratory judgment in Cuyahoga County Common Pleas Court case No. 163719, specifically requesting the court to determine whether Allstate owed defendants-appellants Fernando and Rose Vasquez a duty to defend and indemnify them in a tort claim pursuant to their Allstate homeowner's insurance policy. n1 The Vasquezes filed an answer, counterclaim and third-party complaint against the plaintiff's sales agent, John Kipp.

n1 The Vasquezes' homeowner's policy was in force at all times pertinent herein.

The underlying tort claim had been previously filed against the Vasquezes in Cuyahoga County Common Pleas Court case No. 158410 by the Suchans on behalf of their minor child, who apparently [***2] sustained a fractured femur on the Vasquezes' property while in the care of Mrs. Vasquez whose home business was babysitting. It is undisputed by the parties that Allstate assigned an attorney to undertake the defense of the Suchan tort action on behalf of the Vasquezes.

The relevant facts contained in the App.R. 9(A) record follow:

[**757] The pleadings indicate Rose Vasquez admitted she was regularly engaged in the business of day care for children conducted in her home. On or about November 19, 1984, Rose Vasquez was babysitting for a child when the child was injured while in her care and a tort claim filed on the child's behalf by her parents against appellants, the Vasquezes, for $ 125,000.

Thereafter, there were two issues decided in the trial court in the declaratory judgment action in the case *sub judice*, to wit:

1. On the complaint, the trial court found, as a matter of law, that the Allstate homeowner's insurance policy in effect at the time of the accident in November 1984 was unambiguous and specifically *excluded coverage*, since babysitting for compensation was a business activity contemplated by the written exclusion in the policy; and

2. On the counterclaim [***3] and third-party action, the jury, however, found that Allstate's agent, John Kipp, apparently, through verbal assurances to [*566] appellants, "did bind Allstate Insurance Company to provide coverage for the babysitting service being conducted by Mrs. Vasquez."

Thereafter, on June 14, 1990, appellants filed a motion with the trial court to recover attorney fees incurred in their defense of the declaratory judgment from Allstate.

The trial court denied the motion, from which the Vasquezes timely appeal, assigning one error as follows:

"Trial court erred in denying defendants' motion for attorney fees and expenses and denying requests for payment of extraordinary costs."

Appellants' sole assignment of error lacks merit.

Ohio generally follows the "American Rule" regarding recovery of attorney fees by the prevailing party in a civil action, which requires statutory authorization for awarding such fees. *State ex rel. Caspar v. Dayton* (1990), 53 Ohio St.3d 16, 558 N.E.2d 49; *Sorin v. Bd. of Edn.* (1976), 46 Ohio St.2d 177, 75 O.O.2d 224, 347 N.E.2d 527. An exception to the general [***4] rule by judicial interpretation has developed when an insurer *wrongfully refuses to defend a tort action* brought against its insureds under the policy. See *Willoughby Hills v. Cincinnati Ins. Co.* (1984), 9 Ohio St.3d 177, 9 OBR 463, 459 N.E.2d 555; *Motorists Mut. Ins. Co. v. Trainor* (1973), 33 Ohio St.2d 41, 62 O.O.2d 402, 294 N.E.2d 874.

The duty to provide a defense in a tort action against insureds arises when the allegations of the complaint state a claim which is potentially or arguably within the policy coverage, or there is some doubt as to whether a theory of recovery within the policy had been pleaded. *Willoughby Hills v. Cincinnati Ins. Co.* (1986), 26 Ohio App.3d 146, 26 OBR 363, 499 N.E.2d 31; see, also, *Preferred Mut. Ins. Co. v. Thompson* (1986), 23 Ohio St.3d 78, 23 OBR 208, 491 N.E.2d 688.

As the Ohio Supreme Court has succinctly stated that the rationale behind allowing attorney fees to the insureds in a declaratory judgment [***5] action is to put the insureds in the same position they would have occupied if the insurer had performed its duty to defend under the policy. *Motorists Mut. Ins. Co. v. Trainor, supra*, 33 Ohio St.2d at 47, 62 O.O.2d at 405, 294 N.E.2d at 878.

The facts in the case *sub judice* clearly indicate Allstate did undertake the defense of the Vasquezes in the Suchan tort action in spite of the fact their written policy precluded liability coverage for conducting a

business in the home. The Allstate homeowner's policy provided to the Vasquezes stated on page 21 the following exclusions:

"8. We do not cover **bodily injury** or **property damage** arising out of the past or present **business** pursuits of an **insured person.**

[*567] "* * *

"11. **We** do not cover any liability an **insured person** *assumes* under any *unwritten* contract or agreement. *We will not cover any contract or agreement in connection with a **business** of an **insured person.*** " (Emphasis added.)

[HN1] The construction of written contracts is a matter of law. *Alexander v. Buckeye Pipe* [**758] *Line Co.* (1978), 53 Ohio St.2d 241, 7 O.O.3d 403, 374 N.E.2d 146. [***6] The plain language of the contract controls. *Id.*

From a clear reading of the four corners of the homeowner's policy supplied by Allstate to the Vasquezes, the trial judge concluded as a matter of law Allstate had *no contractual duty to defend* the Vasquezes in the tort action brought by the Suchans. Even the most unsophisticated layman can read the policy exclusions and conclude that a babysitting business or any business conducted in the home was not covered by the Allstate policy. Nevertheless, Allstate undertook the defense of the Suchan tort claim while simultaneously questioning its duty to so do by filing this declaratory judgment action as was its right.

[HN2] Implicit in all the cases dealing with the rights of an insured to recover attorney fees in a declaratory judgment action is that a *breach of contract* must occur under the policy. As a precursor to the award of attorney fees, the insurance company must breach the contract by wrongfully or unjustifiably refusing to defend the insureds in a tort action under the policy. *Motorists Mut. Ins. Co. v. Trainor, supra; Willoughby Hills v. Cincinnati Ins. Co.,* [***7] *supra.*

In *Motorists Mut. Ins. Co. v. Trainor, supra,* 33 Ohio St.2d at 46-47, 62 O.O.2d at 404-405, 294 N.E.2d at 877-878, the Ohio Supreme Court held the insureds, the Trainors, had a right to a "prompt and diligent defense" in a tort claim and stated as follows:

"We determine that Motorists had a duty to defend [in the tort action under the policy], and failed to carry out that duty. It is from this lack of action on the part of Motorists and the declaratory judgment action which it filed, that the trial court and the Court of Appeals allowed the Trainors' expenses, including attorney fees incurred *in the defense of both actions.*" (Emphasis added.)

Allstate did not breach the contract but in good faith undertook to defend the Suchan tort claim. We fail to see how Allstate has done anything wrong or violated any of its insureds' rights in seeking to define its liability by filing a declaratory judgment action. Thus, this declaratory judgment action did not differ in any respects from other civil litigation seeking to interpret contractual [*568] rights or duties in which attorney fees are precluded. Accordingly, [***8] we decline to extend the award of attorney fees to a declaratory judgment action filed on behalf of an insurer beyond its present limitations, requiring a breach of the insurer's duty to defend the insured in a tort claim based upon the policy, in the absence of statutory authorization.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

Krupansky, C.J., Dyke and Nahra, JJ., concur.

LEXSEE

**Walter P. CLARK v. EXCHANGE INSURANCE ASSOCIATION et al.**

**No. 6 Div. 922**

**Supreme Court of Alabama**

**276 Ala. 334; 161 So. 2d 817; 1964 Ala. LEXIS 337**

**February 20, 1964**

**SUBSEQUENT HISTORY:** [***1]

Rehearing Denied March 26, 1964.

**DISPOSITION:**

Affirmed.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Appellant insured sought review of a decision of the trial court (Alabama), which refused to grant him attorney's fees in his dispute with appellee insurer. The insurer had initiated an action seeking declaratory judgment as to its liability to the insured.

**OVERVIEW:** An insurer initiated a declaratory judgment proceeding seeking to determine its liability to an insured. The trial court determined that the insured was not entitled to an award of attorneys fees. On appeal, the court affirmed, finding that insurers were not generally liable for fees in declaratory judgment actions instituted to determine their liability under a policy. The court noted that, in this regard, it was unimportant who initiated the action.

**OUTCOME:** The court affirmed the trial court's decision denying an award of attorneys fees.

**CORE TERMS:** insured, insurer, declaratory judgment, declaratory judgment action, instituted, declaratory action, fees incurred, declaratory, prosecuting, authorizes, expenses incurred, compelled, contractual provision, supplemental relief, supplementary, incur

**LexisNexis(R) Headnotes**

***Civil Procedure > Declaratory Judgment Actions > State Judgments > General Overview***
***Insurance Law > Claims & Contracts > Costs & Attorney Fees > Declaratory Judgments***
***Insurance Law > Claims & Contracts > Declaratory Relief > General Overview***
[HN1] Ordinarily an insurer is not liable for attorney's fees and expenses incurred by an insured in a declaratory judgment action instituted by the insurer to determine its liability under the policy.

***Civil Procedure > Remedies > Costs & Attorney Fees > General Overview***
***Criminal Law & Procedure > Counsel > Right to Counsel > General Overview***
[HN2] In the absence of contract, statute, or recognized ground of equity, there is no right to have an attorney's fee paid by the opposing party.

***Civil Procedure > Declaratory Judgment Actions > State Judgments > General Overview***
***Civil Procedure > Remedies > Costs & Attorney Fees > General Overview***
***Insurance Law > Claims & Contracts > Declaratory Relief > General Overview***
[HN3] It is of no importance as to who brings the declaratory action, or whether the action be successful or unsuccessful from the complainant's view, insofar as the assessment of attorney's fees is concerned.

***Civil Procedure > Declaratory Judgment Actions > State Judgments > General Overview***
***Civil Procedure > Remedies > Costs & Attorney Fees > General Overview***
[HN4] Further relief may be granted in declaratory judgment actions whenever necessary or proper. Ala. Code tit. 7, § 163 (1940). This authorizes a court to grant such additional relief as is authorized by law. It contemplates such relief as is necessary to effectuate the declaratory judgment even though such supplementary

relief may consist in the granting of a money judgment in the case, after the rendition of a declaratory decree. The supplementary relief provision of the act (§ 163) is not authority for the allowance of attorney's fees in declaratory judgment action.

**COUNSEL:**

Geo. S. Brown, Bowers, Dixon, Dunn & McDowell, Birmingham, for appellant.

Where, in a declaratory judgment action brought by the insurer for the purpose of declaring its non-liability under a liability insurance policy, the court decides that such liability exists, the insured is entitled to recover from the insurer a reasonable attorney's fee for services rendered by his attorney in the declaratory judgment action. Security Ins. Co. v. White, 10 Cir., 236 F.2d 215; Standard Acc. Ins. Co. v. Hull, D.C., 91 F.Supp. 65; 28 U.S.C.A., § § 2201, 2202; Code, Tit. 7, § § 156, 163; Firemen's Ins. Co. v. Smith, D.C., 83 F.Supp. 668; State Farm Mutual Automobile Ins. Co. v. Brooks, D.C., 43 F.Supp. 870; Ocean Accident & Guarantee Corp. v. Heald, D.C., 30 F.Supp. 991; 7A Appleman's Ins.Law & Prac., 512.

London, Yancey, Clark & Allen, and Thos. R. Elliott, Jr., Birmingham, for Exchange Insurance Ass'n.

Rives, Peterson, Pettus & Conway, Birmingham, for Employers Fire Ins. Co.

In the absence of contract, statute or recognized ground of equity, there is no inherent right to have attorney's fees paid by the opposing side. Johnson v. Gerald, [***2] 216 Ala. 581, 113 So. 447, 58 A.L.R. 348; Francis v. Scott, 260 Ala. 595, 72 So.2d 98; Penney v. Pritchard & McCall, 255 Ala. 13, 49 So.2d 782, 22 A.L.R.2d 1430; Low v. Low, 255 Ala. 536, 52 So.2d 218. The law of fees and costs is held to be penal and no fee must be demanded or received except in cases expressly authorized by law. Code, Tit. 11, § 1; Huddleston v. Perryman & Co., 150 Ala. 629, 43 So. 807. When an insurance company and its insured litigate a question of coverage under the policy, the insured is not entitled to have the insurer pay his attorney's fees incurred in such litigation. Maryland Casualty Co. v. Sammons, 63 Ga.App. 323, 11 S.E.2d 89; O'Morrow v. Borad, Cal.App., 161 P.2d 28; Fazzino v. Insurance Co. of North America, 152 Cal.App.2d 304, 313 P.2d 178; Standard Surety & Casualty Co. v. Perrin, La.App., 19 So.2d 783; Traders & General Ins. Co. v. Hicks Rubber Co., 140 Tex. 586, 169 S.W.2d 142; Inland Mut. Ins. Co. v. Hightower, 274 Ala. 52, 145 So.2d 422; Milwaukee Mechanics Ins. Co. v. Davis, 5 Cir., 198 F.2d 441.

**JUDGES:**

Harwood, Justice. Livingston, C. J., and Simpson and Merrill, JJ., concur.

**OPINION BY:**

HARWOOD

**OPINION:**

[*336] [**818] Counsel for the respective [***3] litigants agree and we concur, that the sole question raised by this appeal is whether an insured is entitled to recover attorney fees incurred in a declaratory judgment proceeding brought by the insurer in an effort to relieve itself of liability under an automobile liability insurance policy issued by the insurer, the issues in such proceeding having been determined adversely to the contentions of the insurer.

The lower court denied the respondent's (insured's) claim for reimbursement for such fee in the declaratory judgment action, hence this appeal.

Counsel for appellant (insured) argue that such fee should have been allowed under two theories:

> (1) The contractual provision in the policies whereby the insurer agreed to pay expenses incurred by the insured at the request of the insurer, and,
>
> (2) The general authority of the court to grant further or supplemental relief under the provisions of our declaratory judgment statute, particularly Section 163, Title 7, Code of Alabama 1940.

The policy provisions are identical in both policies, and set forth that the insurer will:

> "Reimburse the insured for all reasonable expenses * * * incurred at the Company's request."

[***4]

Counsel for appellant argue that the insured being compelled to appear and oppose the position of the insurer in the declaratory judgment proceedings, was in effect not only invited to incur attorney fees, but was compelled to do so by the act of the insurer in initiating such proceedings.

In support of their position, counsel for appellant cite Standard Accident Insurance Co. of Detroit v. Hull, (D.C.Cal.1950), 91 F.Supp. 65. The federal district court held, where the contractual provision in the policy was the same as in the policies now under consideration, that

the fees of the attorneys for the insured incurred in a declaratory action constituted expenses incurred at the Company's request, the complainant not merely requesting, but requiring the insured to appear and set up their claim in the declaratory judgment instituted by the insurer.

A question similar in all respects to the one now being considered, and under a similar provision in the insurance contract involved, was before the Fifth Circuit Court of Appeals in Milwaukee Mechanics Ins. Co. v. Davis, 198 F.2d 441 (1952). The court therein stated:

> "The decisions * * * support the view * * * that [HN1] ordinarily an insurer [***5] is not liable for attorney's fees and expenses incurred by an insured in a declaratory judgment action instituted by the insurer to determine its liability under the policy."

The court cites in support of the above statement, Standard Surety and Casualty Co. of New York v. Perrin (La.App.), 19 So.2d 783; Carter v. Virginia Surety Co., 187 Tenn. 595, 216 S.W.2d 324; Maryland Casualty Co. v. Dalton Coal and Material Co. (8CCA), 184 F.2d 181. There might also be added to the above citations, Maryland Casualty Co. v. Sammons, 63 Ga.App. 323, 11 S.E.2d 89. See also O'Morrow v. Borad (Cal.App.), 161 P.2d 28; Fazzino v. Insurance Co. of North America, 152 Cal.App.2d 304, 313 P.2d 178.

In commenting on the conclusion of the District Court in the Standard Accident Insurance Co., case, supra, the court observed in Milwaukee Mechanics Ins. Co., supra:

> "No authority is cited in support of the court's ruling, and the question remains [**819] whether the reasoning of the district court in that case is sound."

[*337] And further:

> "To say that a plaintiff in a declaratory judgment action, or for that matter in any law suit, 'requests' the defendant to employ attorneys to [***6] contest the action, is a mere play upon words and is contrary to the real substance of the transaction. Due process would, of course, accord the insured the privilege of resisting the company's claim of non-liability and to that end the insured would have the right to employ attorneys, but it would be contrary to every interest of the company to say that the company 'requested' such action. We do not think that either the insurance company or the insured could have had the intention that the insurance company could defend a suit on its policy or could file a declaratory judgment action only at the risk of being liable for attorney's fees incurred by the insured. In our opinion, the attorney's fees incurred by the insured in the declaratory judgment action were not recoverable from the insurance company."

In the comparatively recent case of Inland Mutual Insurance Co. v. Hightower, 274 Ala. 52, 145 So.2d 422, in denying an insured's right to attorney's fees in a declaratory judgment action instituted by the insured to establish liability under a policy after denial of liability by the insurer, and in which the insured prevailed, the court wrote:

> "We have accepted the principle [***7] in this State that, [HN2] in the absence of contract, statute, or recognized ground of equity, there is no right to have an attorney's fee paid by the opposing party. Low v. Low, 255 Ala. 536, 540, 52 So.2d 218. We know of no statute or recognized ground of equity which authorizes payment of an attorney's fee for prosecuting a declaratory proceeding.
>
> "In the policy contract here before us, we are cited to no provision providing for a fee to be paid by insurer for insured's attorney in a declaratory action on the policy. We are of opinion that the insurer, believing that the accident was not covered by the policy, was entitled to defend the declaratory suit without rendering itself liable to insured for the attorney's fee incurred by insured in successfully prosecuting the declaratory suit. Standard Surety & Casualty Co. of New York v. Perrin, La.App., 19 So.2d 783; Milwaukee Mechanics Ins. Co. v. Davis, 5 Cir., 198 F.2d 441."

Counsel for appellant denies the applicability of the above doctrine on the ground that the insured had instituted the action, whereas in the present case the insurer was the initiator, and thus compelled the insured to incur attorney's fees. This distinction [***8] is without a difference. In each instance the insured's attorney fees were necessitated by the insurer's claim of non-coverage, with the resulting declaratory judgment action brought to pass upon the legal validity of the insured's claim.

It is to be noted that both of the cases cited by the court for its conclusion that the insurer was not liable to

insured for attorney's fees, that in Standard Surety and Casualty Co. of New York v. Perrin, supra, and Milwaukee Mechanics Insurance Co. v. Davis, supra, were cases wherein the insurer had instituted the declaratory judgment actions.

We hold that the contract provisions in the policies did not render the insurer liable for the attorney's fees incurred by insured in the declaratory judgment proceedings.

As before stated, appellant's second contention is that the provision in Section 163 of Title 7, Code of Alabama 1940, in our declaratory judgment act, to the effect that, "Further relief based on a declaratory judgment or decree may be granted whenever [**820] necessary or proper," is a statutory [*338] authorization for the award of attorney's fees in declaratory judgment actions.

Counsel seeks to overcome the statement [***9] in Inland Mutual Insurance Co., supra, that, "We know of no statute or recognized ground of equity which authorizes payment of an attorney's fee for prosecuting a declaratory proceeding," by first asserting that the appellant in the present proceeding was not the prosecutor, but was the respondent in the declaratory action, and secondly, that it does not appear that any contention was made that such fees were payable under the supplemental relief provisions of our act above set out, as is the case now.

As before stated, we do not deem [HN3] it of importance as to who brings the declaratory action, or whether the action be successful or unsuccessful from the complainant's view, insofar as the assessment of attorney's fees is concerned.

Our act provides that [HN4] further relief may be granted in declaratory judgment actions "whenever necessary or proper." This authorizes a court to grant such additional relief as is authorized by law. It contemplates such relief as is necessary to effectuate the declaratory judgment even though such supplementary relief may consist in the granting of a money judgment in the case, after the rendition of a declaratory decree. See Anderson Declaratory Judgments, [***10] Vol. 2, p. 1058, and authority cited. The supplementary relief provision of our act (Section 163, supra) is not authority for the allowance of attorney's fees in declaratory judgment action.

Having no warrant in law to award attorney's fees to the appellant in the proceedings below, the order of the court denying such award was correct.

Affirmed.