# EXHIBIT C

## First American Title Insurance Co. v. Frank T. Jaworoski

**INSURANCE, TITLE, COVERAGE - DECLARATORY JUDGMENT - ATTORNEYS' FEES**
[Case of first impression] Plaintiff's motion to strike counterclaim for attorneys' fees in declaratory judgment action concerning coverage of title insurance policy. Held, denied. When an insured defends a declaratory judgment action regarding the issue of coverage, the insured is entitled to reasonable attorneys' fees.

**COURT:** Stamford-Norwalk, at Stamford
**DATE:** January 15, 1988
**DOCKET NO.:** CV87-0085495
**JUDGE:** Cioffi

6

This is a declaratory judgment action initiated by plaintiff First American Title Insurance Company to determine whether it is obligated to defend an action brought by a third party against its insured, defendant Frank Jaworoski. First American asserts that it is not obligated to defend because at the time defendant purchased the policy he was aware of a possible defect in title, but did not

reveal this to First American. Exclusion number three of the policy states that any potential defects known by the insured and not revealed to the insurer are excluded from coverage.

Defendant Jaworoski asserts by way of counterclaim that, pursuant to the contract of insurance, plaintiff is obligated to pay defendant's costs and attorneys' fees in the declaratory judgment proceeding. First American has moved to strike the counterclaim, asserting that the policy does not provide for the payment of attorneys' fees and that Connecticut law does not provide for an allowance for attorneys' fees in declaratory judgment actions.

A motion to strike challenges the legal sufficiency of the allegations of any complaint, counterclaim, or cross-complaint. Conn. Practice Bk. §152 (1978). In passing on a motion to strike, the court must take the facts alleged favorably to the pleader, *Schmidt v. Yardney Electric Corporation*, 4 Conn. App. 69, 74 (1985), and in so doing the court will consider the factual allegations of the pleading to be true. *Levine v. Bess and Paul Sigel Hebrew Academy of Greater Hartford, Inc.*, 39 Conn. Sup. 129, 131 (1983).

The rule in Connecticut is that, absent contractual or statutory authorization, each party must pay its own attorneys' fees. *Gino's Pizza of East Hartford, Inc. v. Kaplan*, 193 Conn. 135, 140 (1984).

Those portions of the insurance policy which defendant cites as providing for the payment of costs and attorneys' fees read as follows:

3(a) The Company, at its own cost and without undue delay, shall provide for the defense of an insured in all litigation consisting of actions or proceedings commenced against such insured, or a defense interposed against an insured in an action to enforce a contract for a sale of the estate or interest in said land, to the extent that such litigation is founded upon an alleged defect, lien, encumbrance, or other matter insured against by this policy.

6(b) The Company will pay. . .all costs, attorneys' fees and expenses in litigation carried on by such insured with the written authorization of the Company.

"Under our law, the terms of an insurance policy are to be construed according to the general rules of contract construction." *Griswold v. Union Labor Life Ins. Co.*, 186 Conn. 507, 512 (1982). "If the terms of the policy are clear and unambiguous, then the language, from which the intention of the parties is to be deduced, must be accorded its natural and ordinary meaning." *Id.* at 512-13. However, when the words of the policy are susceptible of two interpretations, the construction most favorable to the insured should be adopted. *Id.* at 513.

In clause 3(a), First American agreed to provide a defense, at its own cost, in all litigation against defendant, "to the extent that such litigation is founded upon an alleged defect, lien, encumbrance, or other matter insured against by this policy." First American contends that the meaning of the clause is that First American would defend an action initiated by a third party challenging defendant's title. However, the defendant contends that the meaning of the clause is unclear, and that the construction most favorable to defendant should therefore be adopted.

Under clause 6(b) of the policy, First American agreed to pay attorneys' fees for any litigation which defendant carried on with the written authorization of the company. Defendant argues that the bringing of this declaratory judgment action by the company constitutes its written authorization. A number of courts would seem to agree with defendant's position. *See Accidental Fire & Cas. Co. v. Cook*, 435 P.2d 364 (Idaho, 1967); *Allstate Insurance Company v. Robins*, 597 P.2d 1052 (Col. App. 1979). In those cases the courts interpreted a standard policy provision requiring the company to reimburse the insured for all "reasonable expenses incurred by the insured at the Company's request." The courts ruled that, by bringing a declaratory judgment action against the insured, the insurer was in effect "requesting" him to incur reasonable expenses. *Occidental*, 435 P.2d at 368; *Allstate*, 597 P.2d at 1053. Such a construction was rejected by the Fifth Circuit as "a mere play upon words" in *Milwaukee Mechanics Ins. Co. v. Davis*, 1[illegible] F.2d 441, 445 (5th Cir. 1952).

Despite the general rule that each party must pay his own attorneys' fees, it is generally held that attorneys' fees are recoverable where such fees are incurred in defending an action which one's insurer was obligated by the terms of the policy to defend, and unjustifiably refused to do so. Annot., 87 A.L.R.3d 429, 433 (1978). Further, there is a split of authority as to whether the insurer is to be held liable for fees incurred in a declaratory judgment action brought to establish the existence of coverage under the policy in question. *Id.* at 434. "There are innumerable cases dealing with this specific issue, and the courts have resolved the issue in practically every conceivable way." *Crist v. Insurance Co. of North America*, 529 F. Supp. 601, 607 (D. Utah 1982).

There does not appear to be a Connecticut case which addresses this precise question. In *Peterson v. Norwalk*, 152 Conn. 77, 80 (1964), the court noted that "[n]either the statutes nor the rules provide for an allowance for counsel fees in declaratory judgment actions." However, this case did not involve the determination of coverage under an insurance policy.

The supreme courts of a number of states, including Idaho, Maryland, Minnesota, and Ohio, have held that an insured who has incurred attorneys' fees in successful declaratory judgment litigation with his insurer may recover them from the insurer. *Union Mutual Fire Insurance Co. v. Inhabitants of the Town of Topsham*, 441 A.2d 1012, 1018 (Me. 1982). The highest courts of other states, including Alabama, California, Iowa, New Jersey, Tennessee, and Washington have denied such recovery. *Id.* In New York the rule appears to be that the insured is entitled to recover his expenses when he defends such an action, but not when he brings it as plaintiff. *Id.*

The majority rule is that an insurer is not liable for the insured's attorneys' fees in a declaratory judgment action to establish insurance coverage unless it is shown that the insurer has acted in bad faith or fraudulently or was stubbornly litigious. 22 Am. Jur.2d *Declaratory Judgments* §101 (Supp.) (1987). The theory behind the rule appears to be that it would be unfair to force the company to choose between defending an action it may not be obligated to defend or suing for a declaratory judgment, with liability for the insured's attorneys' fees if the suit is unsuccessful. "It would not comport with our ideas of either law or justice to prevent any party who entertains bona fide questions about his legal obligations from seeking adjudication thereon in the courts." *Western Casualty & Surety Company v. Merchant*, 615 P.2d 423, 427 (Utah 1980).

Appleman, in his treatise on insurance law, argues that the majority rule is unfair:

After all, the insurer had contracted to defend the insured, and it failed to do so. It guessed wrong as to its duty, and should be compelled to bear the consequences thereof. . . .[T]he insured has a contract right to have actions against him defended by the insurer, at its expense. If the insurer can force him into a declaratory judgment proceeding and, even though it loses in such action, compel him to bear the expense of such litigation, the insured is actually no better off than if he had never had the contract right mentioned above.

Appleman, *Insurance Law and Practice* §4691 (1979). A number of courts have cited Appleman in finding that an insured is entitled to attorneys' fees in a successful declaratory judgment action with the insurer. *See Aetna Cas. & Sur. Co. v. Pitrolo*, 342 S.E.2d 156 (W. Va. 1986).

Realizing that there is a split of authority, this court adopts the reasoning of Appleman and holds that when an insured wrongfully defends a declaratory judgment action regarding the issue of coverage, the insured is entitled to reasonable attorneys' fees.

Accordingly, the motion to strike is denied. ■