UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHICAGO TITLE INSURANCE COMPANY<br><br>Plaintiff,<br>V.<br><br>KENT SCHOOL CORPORATION<br><br>Defendant. | x<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>x | CIVIL NO. 3 02 CV 1095 (CFD)<br><br>DECEMBER 13, 2006 |

**Chicago Title's Reply to Kent School's Memorandum in Opposition to Motion for Summary Judgment**

The Plaintiff, Chicago Title Insurance Company ("Chicago Title"), hereby files this memorandum in reply to the Defendant, Kent School Corporation's ("Kent School"), opposition to Chicago Title's Motion for Summary Judgment, which was filed on November 21, 2006.

## I. The Narrow Exception to the American Rule Does not Apply because the Title Insurance Policy Does Not Specifically Provide for Payment of Attorneys' Fees

In its efforts to circumnavigate the principles underlying the American Rule, Kent School now claims that it is entitled to attorneys' fees in the instant matter because this case falls within the limited exception to the American Rule for specific contractual provisions. While Connecticut courts have recognized a narrow exception to the American Rule where parties have specifically contracted for the payment of attorneys' fees, that exception does not apply in the present case because the policy language upon which Kent School bases its claim does not *specifically* provide for the recovery of attorneys' fees in matters like the present one.

The Connecticut Supreme Court has stated that "there are few exceptions" to the American Rule, which embodies the common law principle that attorneys' fees and ordinary expenses and burdens of litigation are not ordinarily allowed to the successful party. See Broadnax v. City of New Haven, 270 Conn. 133, 179 (2004). In Connecticut, the available exceptions include situations in which attorneys' fees are provided for by statute, by specific contractual terms or where a party has acted in bad faith. Id.

Parties relying on the contractual exception to the American Rule must identify a "*specific contractual term*" that manifests an intent to abrogate the well-established common law rule. See id; Rizzo Pool Co. v. Del Grosso, 240 Conn. 58, 73 (1997) ("specific contractual term may provide for the recovery of attorney's fees and costs"); 24 Leggett St. Ltd. P'Ship v. Beacon Indus., 239 Conn. 284, 311 (1996) (noting exception where "a specific contractual term provides for the recovery of attorney's fees and costs"). Indeed, "[a]ttorneys fees clauses should be construed to encompass only areas within the reasonable contemplation of the parties. And if the parties intended that the prevailing party in any litigation under the contract to recover attorneys fees, then they could have drafted the attorneys fees clause in this manner." Velenchik v. First Union National Bank, CV000372515, 2002 Conn. Super LEXIS 1975, *10-11 (Conn. Super. Ct. June 7, 2002); see also Bendetto v. Wanat, CV990364526S, 2002 Conn. Super. LEXIS 3142 (Conn. Super. Ct. Sept. 9, 2002) ("Contract language such as this, which flies in the face of the American rule, should be strictly construed.").[1]

---

[1] Unreported and extrajuridictional cases attached hereto at Exhibit A.

In the present case, Kent School relies on language found in the policy of title insurance issued by Chicago Title ("Policy") as proof of the parties' specific intent to provide for attorneys' fees. That clause states:

> This Company will at its own cost, defend the insured in all actions or proceedings founded on a claim of title or encumbrances not excepted in this policy.

See Policy at 5, attached hereto at Exhibit B. This language, however, does not specifically contemplate the payment of attorneys' fees in *all* actions. Rather, it states that Chicago Title will provide a defense in all "actions or proceedings founded on a claim of title." Id. As Chicago Title discussed at length in its memorandum of law in support of its motion for summary judgment, the instant declaratory judgment action is not "founded on a claim of title." See Chicago Title's Memorandum of Law in Support of Motion for Summary Judgment, dated October 27, 2006 ("Chicago Title's Memorandum"), at 15-16. In fact, this action is entirely unrelated to title. Instead, it is "founded on" Chicago Title's right to terminate its liability under the policy by tendering the policy limits. It is not even tangentially related to Kent School's right to title and as such, is not covered by the duty to defend clause in the policy.

Moreover, courts require a showing of a "specific contractual term" in order to abrogate the American Rule. The clause relied upon by Kent School is far from specific with regard to the availability of attorneys' fees. Had Chicago Title and Kent School intended to provide that attorneys' fees would be awarded for claims other than those "founded on title" they would have done so. See Velenchik, 2002 Conn. Super LEXIS at *10-11.

**II. A Majority of the Cases Awarding Fees Have Done So Based on a Breach or other Bad Faith Conduct**

The existence, or lack thereof, of a breach of contract or similar bad faith conduct is not, as Kent School claims, irrelevant. See Kent School's Opposition at 10-11. Rather, a majority of courts addressing the award of attorneys' fees to a successful insured, including Connecticut's lower courts, have analyzed the wrongful conduct of the insurance carrier in the underlying action and based the award of fees, in part, on that conduct.

Kent School's efforts to mitigate the effect of wrongful conduct in the decisions in Aetna Life & Casualty Co. v. Gentile, No. 0122259, 1995 Conn. Super. LEXIS 3444 (Conn. Super. Ct. Dec. 12, 1995) and First American Title Ins. v. Jaworoski, 3 Conn. Super. Ct. Rep. 207, 208 (Conn. Super. Ct. Jan. 15. 1988), amount to distinctions without a difference. In both cases the plaintiff-insurer breached its contract of insurance by failing to provide a defense and forcing the defendant-insured to litigate in order to obtain the defense due under the terms of the policy. See Gentile, 1995 Conn. Super. LEXIS 3444 at 17;[2] Jaworoski, 3 Conn. Super. Ct. Rep. 207. Similarly, the courts of other jurisdictions awarding attorneys' fees have premised the award on a breach or other bad faith conduct. See, e.g., Title Ins. Co. v. FDIC, 172 F.3d 601, 605 (8th Cir. 1999); Allstate Ins. Co. v. Vasquez, 74 Ohio App. 3d 564 (Ohio 1991); American Standard Ins. Co. v. Le, 551 N.W.2d 923 (Minn. 1996); Rocky Mountain Fire & Cas. Co. v. Rose, 62 Wn. 2d 896 (Wash. 1963).[3] Indeed, in one of the extrajurisdictional cases cited by Kent School, the

---

[2] Additionally, although the Gentile court concludes that the duty to defend the declaratory judgment action was encompassed by the duty to defend language in the policy, it does not specify the policy language upon which it relies. This statement cannot be applied as a blanket rule of law as Kent School endeavors to do without reference to the specific policy language that formed the basis for the court's statement.

[3] The cases cited in the foregoing paragraph are discussed in greater detail in Chicago Title's memorandum of law in support of summary judgment, at pages 10-14.

court awarded attorneys' fees to the insured where the insurer failed to provide a defense based on the rule that "an insured may recover attorney's fees incurred due to the insurer's *wrongful* denial of a duty to defend." Litz v. State Farm Fire and Cas. Co., 346 Md. 217, 232 (1997) (emphasis added).

Kent School's implicit recognition of the importance of the presence of wrongful or bad faith conduct in a court's analysis of attorneys' fees is demonstrated by its repeated efforts to negatively characterize Chicago Title's conduct. For instance, Kent School characterizes the dispositive fact in this case as "whether the carrier wrongfully attempted to cut off its duty to defend. . . ." Kent School's Opposition at 13. Similarly, Kent School claims that when a "carrier wrongfully disclaims coverage, it deprives the policyholder of the benefit of its contractual bargain." Id. Additionally, Kent School claims that Chicago Title attempted to "cut off" its duty to defend. Id. at 14. In each of the above examples, Kent School appears to suggest that this Court should award attorneys' fees based on Chicago Title's alleged wrongful conduct.

It is beyond cavil, however, that Chicago Title has acted in good faith throughout the history of this protracted litigation. Chicago Title has provided Kent School with a defense for nearly thirty years which has included simultaneous representation by two law firms in the second Schagticoke action. See Joint Stipulation of Facts, dated October 27, 2006, at ¶¶ 5-9, attached hereto at Exhibit C. It has paid over a million dollars – over 10 times the face amount of the policy – in legal fees. See Affidavit of Stephanie Lackey, dated October 24, 2006, at ¶ 5, attached hereto at Exhibit D. After nearly three decades and expenditures in excess of a million dollars, Chicago Title turned to the courts, as it has a right to do under the Declaratory Judgment

Act, 28 US.C § 2201, and asked the court to issue a declaratory judgment regarding its right to tender the policy limits. See Joint Stipulation of Facts at ¶ 11. This Court concluded that Chicago Title had an ongoing duty to defend the underlying actions. At no time has Chicago Title breached that duty. Nothing about Chicago Title's conduct can be considered wrongful. To suggest, as Kent School has, that Chicago Title has acted in bad faith by asking this Court to determine whether it could lawfully tender the policy limits is an affront to the Declaratory Judgment Act. Indeed, Chicago Title's conduct has been a paradigm of good faith. Accordingly, Chicago Title's good faith efforts to follow the proper procedures to protect the rights of its policyholder, Kent School, while utilizing the proper channels to explore the contours of its obligations should not be punished by imposition of attorneys' fees.

Kent School further maligns Chicago Title's conduct by suggesting that it should have defended under a reservation of rights. Specifically, Kent School claims that the instant case is distinguishable from American Standard Ins. Co. v. Le, surpra, and Carter v. Va. Surety Co., 216 S.W.2d 324 (Tenn. 1948), because, in those cases, the carrier defended under a reservation of rights while contemporaneously seeking a declaratory judgment as to its duty to defend. See Kent School's Opposition at 19-20. This distinction, however, is irrelevant and inconsistent with Kent School's other claims.[4] Kent School, in its opposition and in its own motion for summary judgment, has repeatedly asserted that attorneys' fees should be awarded based on the policy language and/or principles of fairness. A reservation of rights has no bearing on either ground.

[4] It should also be noted that Kent School relies upon cases in which the insurance carrier defended under a reservation of rights while pursuing a declaratory judgment action. See, e.g., Farm Bureau Mutual Ins. Co. v. Kurtenbach, 265 Kan. 465, 482-83 (Kan. 1998) (contemporaneously defending under a reservation of right while prosecuting declaratory judgment action); Hegler v. Gulf Ins. Co., 270 S.C. 548 (S.C. 1978) (carrier defended under a reservation of rights while pursuing declaratory judgment action to determine whether it had a duty to defend). See Kent School's Opposition at 18.

Moreover, in the present case, a reservation of rights was not necessary because Chicago Title did not dispute coverage of the underlying claim. Chicago Title simply exercised its option to tender the policy limits and terminate its obligations. No reservation of the right to tender was required.

**III. Conclusion**

For the foregoing reasons, Chicago Title respectfully requests that this Court grant its motion for summary judgment on Kent School's second counterclaim.

PLAINTIFF,
CHICAGO TITLE INSURANCE COMPANY
/s/____________________________
Lawrence P. Heffernan (ct 22567)
lheffernan@rc.com
Frank F. Coulom, Jr. (ct 05230)
fcoulom@rc.com,
Andrea Donovan Napp (ct 26637)
anapp@rc.com
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8240
Fax No.: (860) 275-8299

**CERTIFICATION**

I hereby certify that on December 13, 2006, a copy of the foregoing Plaintiff's Reply to Kent School's Memorandum in Opposition to Motion for Summary Judgment was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Francis Brady, Esq.
Murtha Cullina LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103-3469

/s/
Andrea Donovan Napp