UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHICAGO TITLE INSURANCE COMPANY | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | NO. 3:02-CV-1095 (CFD) |
| v. | : | |
| | : | |
| THE KENT SCHOOL CORPORATION | : | |
| | : | |
| Defendant. | : | DECEMBER 13, 2006 |

**DEFENDANT'S REPLY MEMORANDUM TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Chicago Title contends that, because it provided a defense in the underlying action, Kent School's claim for attorneys' fees is an issue of first impression in Connecticut. (Chicago Title's Nov. 21 Memo. at p. 1). To that end, it urges this Court "not to blindly apply the law of a few isolated decisions … but to predict how the Connecticut Supreme Court would rule if presented with the issue." (Id.).

Notwithstanding Chicago Title's protestations, under Connecticut law, the carrier's duty to defend extends to its failed declaratory judgment action concerning its defense obligation. (See Kent School's Oct. 27 Memo. at pp. 16-19; Kent School's Nov. 21 Memo. at pp. 2-4). The American Rule does not apply here because the award of fees is based on a contractual exception—Chicago Title's duty to defend Kent School. Connecticut courts have not conditioned this exception on a failure to defend in the underlying action. This conclusion is supported by the reasoning underpinning Connecticut decisions to award attorneys' fees, as well as by the broad view Connecticut courts have taken of a carrier's duty to defend in other cases.

In addition, recent decisions of the highest courts in Massachusetts and New York support an award of attorneys' fees here. Those decisions are not useful merely because they address the issue of attorneys' in the face of facts virtually identical to this matter, but rather because the award of attorneys' fees is based on reasoning that mirrors that of Connecticut courts. Indeed, this point is furthered by recent decisions in both New York and Massachusetts in which policyholders were not entitled to attorneys' fees because, unlike this case, the declaratory judgment action did not concern the carrier's duty to defend.

Finally, Kent School's policy right to be provided a defense in this action does nothing to limit Chicago Title's access to the courts. It simply enforces a bargained-for contractual obligation for a carrier to provide a defense to its policyholder.

## I. CONNECTICUT LAW DOES NOT CONDITION THE RECOVERY OF FEES ON A BREACH IN THE UNDERLYING ACTION.

As this Court noted, "the issue in this case concerns the duty to defend, which Connecticut courts have consistently construed broadly." (Ruling on Cross-Motions for Summary Judgment at p. 10, attached to Kent School's Oct. 27 Memo. at Ex. A). Chicago Title, in its Opposition Memo, claims that the importance of that duty is "undisputed." (Chicago Title's Nov. 21 Memo. at p. 7). Yet, Chicago Title's insists that an award of Kent School's attorneys' fees would be "fundamentally unfair and potentially injurious." (Chicago Title's Nov. 21 Memo. at p. 8). That assertion is founded on a misunderstanding of the broad nature of the duty to defend under Connecticut law. Under Connecticut law, the broad nature of the duty to defend underpins the conclusion that the duty to defend extends to a declaratory judgment action concerning the carrier's defense obligation in an underlying matter. (See Kent School's Oct. 27 Memo. at pp. 14-15; Kent School's Nov. 21 Memo. at p. 10).

Chicago Title contends that a policyholder should recover its attorneys' fees only when the carrier "breached its duty to defend or otherwise acted in bad faith." (Chicago Title's Nov. 21 Memo. at p. 2). Such a limitation might be proper if the award of attorneys' fees were punitive or in some other way extraordinary. This is not the case. Rather, the award of attorneys' fees is simply a matter of contractual right. The policyholder is entitled to its fees pursuant to the carrier's contractual obligation to provide a defense in both the underlying action and the declaratory judgment action concerning the duty to defend. This reasoning was the basis for the award of attorneys fees in Aetna Life & Casualty Co. v. Gentile, 1995 Conn. Super. LEXIS 3444 (Dec. 12, 1995) (attached to Kent School's Oct. 27 Memo. at Ex. G) and First American Title Insurance Co. v. Jaworoski, 3 Conn. Super. Ct. Rep. 207, 208 (1988) (attached to Kent School's Oct. 27 Memo. at Ex. I), the Connecticut cases in which a carrier unsuccessfully brought a declaratory judgment action concerning its duty to defend its policyholder in an underlying action.[1]

In Gentile, the court awarded fees arising from an "apparently well meaning" declaratory judgment action because the right to a defense in the declaratory judgment action is "a part and parcel of the continuing right to a defense in the underlying action." 1995 Conn.

[1] In its Opposition Memo., Chicago Title continues to focus primarily on cases in which the policyholder brought a declaratory judgment action against its carrier. (See Chicago Title's Nov. 21 Memo. at 2-3). While cases like Spaziani v. Harleysville Worcester Ins. Co., No. CV 044000309S, 2005 Conn. Super. LEXIS 2999 (Oct. 31, 2005) and City of West Haven v. Liberty Mutual Insurance Co., 639 F. Supp. 1012 (D. Conn. 1986) demonstrate the broad endorsement by Connecticut courts of a policyholder's right to recover attorneys' fees, the reasoning of those courts is not essential to the just result here. In this case, Chicago Title brought the declaratory judgment action against its policyholder, Kent School. Thus, Kent School was forced to incur attorneys' fees to defend its contractual right in this declaratory judgment action, which arose from the underlying claim. (See Kent School's Nov. 21 Memo. at 2-4) As such, Chicago Title's continuing duty to defend Kent School extends to this action. In that regard, the holdings of Gentile and Jaworoski are directly on point.

Super. LEXIS 3444 at *15-16. Similarly, the court in Jaworoski, explicitly rejected any requirement that the carrier act in bad faith before awarding the policyholder its fees. 3 Sup. Ct. Rep. at 208 (recognizing a split in authority in other jurisdictions and rejecting any bad faith requirement). To deny the policyholder his fees, the court explained, would leave him "no better off than if he never had the contract right [to a defense]." Id. (quoting Appleman, Ins. Law & Pract. § 4691 (1979)).

A very recent case decided by the Connecticut Appellate Court reinforces the Connecticut courts' disposition to equitable justifications for exceptions to the American Rule. See Mangiante v. Niemiec, 98 Conn. App. 567 (Dec. 5, 2006). In Mangiante, the Appellate Court held that "Connecticut law is consistent with that of other states in recognizing equitable exceptions to the American Rule." Id. at 571. There, the Appellate Court awarded a trust beneficiary the attorneys' fees incurred in establishing her right to a trust corpus. Id. In so doing, the court noted that the request for attorneys' fees was not made on the grounds that the opposing party acted in bad faith or that the award should be assessed as punitive damages. Id. at 570. Nevertheless, the award was proper, the Appellate Court held, "because, without such an award, the plaintiff could not be made whole." Id. at 571-72. Although Mangiante involved a claim under a trust rather than an insurance policy, the articulated principle—making the rightful party whole—remains applicable here and mirrors the reasoning underpinning the award of attorneys' fees in Gentile and Jaworoski.

The reasoning of the courts in Gentile, Jaworoski, and Mangiante supports the award of attorneys' fees here.[2] After providing a defense without reservation for over two-decades, Chicago Title brought this action in an effort to cut off its duty to defend Kent School. That action placed Kent School in a defensive posture from which it was forced to incur attorneys' fees in order to preserve its continuing right to a defense under the policy. Kent School would have been unfairly forced to incur such fees whether Chicago Title had filed this action (i) while failing to provide any defense at all, (ii) while providing a defense under a reservation of rights, or (iii) as here, while providing a defense without reservation for over two-decades before suddenly attempting to cut off its obligation. The key fact is identical in all three scenarios: Chicago Title has a "continuing duty" to defend Kent School, which it sought to escape by bringing a declaratory judgment action against its policyholder. (See Ruling on Cross Motions for Summary Judgment at p. 11). That continuing duty extends to this matter. As a result, Kent School is entitled to its attorneys' fees.

## II. THE CONNECTICUT SUPREME COURT WOULD DECIDE THIS MATTER IN ACCORDANCE WITH THE HIGHEST COURTS OF NEW YORK AND MASSACHUSETTS.

As described in Kent School's earlier briefs, the highest courts of both New York and Massachusetts recently awarded a policyholder its attorneys' fees under circumstances virtually indistinguishable from the facts here.[3] See U.S. Underwriters Ins. Co. v. City Club

---

2 While Federal Courts are not bound by the decisions of the relevant state's lower courts, those decisions should be given "proper regard." Phansalkar v. Andersen Weinroth & Co., 344 F.3d 184, 189 (2d Cir. 2003).

3 Rather than addressing the reasoning of City Club and Golden, Chicago Title contends that a majority of jurisdictions require a showing of bad faith or breach of the duty to defend in the underlying action. (Chicago Title's Nov. 21 Memo. at p. 6). While a split of authority exists, the majority is a narrow one, and the recent cases have endorsed Kent School's position here. (continued)

Hotel, LLC, 3 N.Y. 3d 592 (2004), followed by the Second Circuit, 395 F.3d 24 (2d Cir. 2005); Hanover Ins. Co. v. Golden, 436 Mass. 584 (2002) (See also Kent School's Oct. 27 Memo. at pp. 5, 11; Kent School's Nov. 21 Memo. at p.16). In response, Chicago Title erroneously classifies these authorities as "a few isolated decisions" that provide no insight into how the Connecticut Supreme Court would rule on this issue. (Chicago Title's Nov. 21 Memo. at p. 1). On the contrary, the decisions in City Club and Golden are relevant not merely due to their outcome, but because the decisions are justified by reasoning which mirrors that of Connecticut courts in cases where a carrier brings a declaratory judgment action in an effort to curtail its defense obligation. (See Kent Schools Oct. 27 Memo. at p. 8; Kent School's Nov. 21 Memo. at p. 11).

Moreover, like the Connecticut Supreme Court, both the New York Court of Appeals and the Massachusetts Supreme Judicial Court recognize the broad nature of the duty to defend, which serves as the basis for an award of attorneys' fees. Indeed, recent decisions in each jurisdiction in which a policyholder was not entitled to attorneys' fees underscore this point.

In Liberty Surplus Insurance Corp. v. Segal Co., 420 F.3d 65, 67 (2d Cir. 2005), the Second Circuit, again applying New York law, affirmed an order to dismiss the policyholder's counterclaim for attorneys' fees. There, a second-layer, excess carrier brought a declaratory judgment action seeking an order that it had no duty to indemnify its policyholder in an

---

More importantly, as Chicago Title concedes, the Connecticut Supreme Court would analyze majority and minority positions in order to determine the best rule of law, not the most prevalent. (Chicago Title's Nov. 21 Memo. at p. 6). See also Deming v. Nationwide Mut. Ins. Co., 279 Conn. 745 (2006). To that end, the authorities cited by Kent School are particularly relevant because they are quite recent, involve facts which are very similar to this matter, and utilize reasoning consistent with that of Connecticut courts.

underlying matter. Id. at 69. Because the carrier did not have a duty to defend its policyholder, the Second Circuit concluded that there was "no ripened contractual duty to 'defend' the current [declaratory judgment] action arising out of those claims." Id. at 69. Put conversely, the Second Circuit reasoned that "an insurer with a duty to defend must provide a defense (or reimburse the insured's litigation expenses) for any action arising out of the claim or occurrence that triggers the duty to defend, including an action brought by the insurer itself." Id. (emphasis added).

Similarly, in Wilkinson v. Citation Insurance Co., No. SJC-09683, 2006 Mass. LEXIS 678 (Nov. 17, 2006) (attached hereto at Ex. A), the Supreme Judicial Court of Massachusetts reversed an award of attorneys' fees, and held that a policyholder is only entitled to recover its attorneys' fees incurred in an action concerning the duty to defend. There, no underlying matter existed—the policyholder sued his carrier when it refused to indemnify him for losses resulting from a fire at his home. Id. at *3-4. After determining that the policyholder was entitled to coverage, the court declined to award the policyholder's attorneys' fees. Id. at *2. Distinguishing Golden and its progeny, the court concluded that, in those cases, the "holding, and its supporting logic, focus exclusively on the 'duty of defense.'" Id. at *14. The exception to the American Rule, the court continued, is "justified by the well-established principle that 'the liability insurer's duty of defense is so extensive and the burden on the insured of a breach of that duty is likely to be so heavy [that] the insurer should not enjoy the usual freedom to litigate without concern about the possibility of having to pay the [insured's] attorneys' fees.'" Id. at *13-14 (quoting Preferred Mut. Ins. Co. v. Gamache, 426 Mass. 93, 96 (1997)) (alterations in original).

Here, unlike Segal Co. and Wilkinson, the declaratory judgment action focused entirely on the carrier's duty to defend. (See Ruling on Cross Motions for Summary Judgment at p. 8). Like the highest courts of New York and Massachusetts, the Connecticut Supreme Court construes that duty broadly. Indeed, the broad nature of the duty to defend underpins the award of attorneys' fees following a declaratory judgment action brought by the carrier in Gentile and Jaworoski. (See Part I, supra). Thus, the Connecticut Supreme Court, like the highest courts of New York and Massachusetts, would likely hold that the policyholder would be entitled to its attorneys' fees following the successful defense of a declaratory judgment action brought by its carrier—regardless of whether the carrier provided a defense in the underlying action.

## III. SATISFYING ITS CONTRACTUAL DUTY TO DEFEND DOES NOT LIMIT CHICAGO TITLE'S ACCESS TO THE COURTS.

Chicago Title asserts that awarding Kent School its attorneys' fees would violate the Equal Protection Clause of the United States Constitution by somehow denying it equal access to the courts. (See Chicago Title's Oct. 27 Memo. at 23-26; Chicago Title's Nov. 21 Memo. at 7-8). That claim is in direct conflict with the adoption by the Second Circuit of the City Club ruling by the New York Court of Appeals. U.S. Underwriters Ins. Co. v. City Club Hotel, LLC, 395 F.3d 24 (2004). See also Segal Co., 420 F.3d 65 (2d Cir. 2005). Moreover, Chicago Title's argument, like this entire declaratory judgment action, is founded on Chicago Title's misunderstanding as to the extent of its contractual duty to defend Kent School.

An award of attorneys' fees does not impose "an extra-contractual duty" on carriers in general or on Chicago Title in particular. (See Chicago Title's Oct. 27 Memo. at p. 23). Rather, it merely enforces the contract as written, in which Chicago Title promised to defend

Kent School against "all actions or proceedings founded on a claim of title or encumbrance not excepted in this policy." (See Policy of Title Insurance at p. 5, attached to Kent School's Oct. 27 Memo. at Ex. E). As demonstrated in Kent School's earlier briefs, this declaratory judgment action is such an action. Therefore, a contractual exception to the American Rule exists, and Kent School is entitled to its attorneys' fees.

## IV. CONCLUSION

For the foregoing reasons, Kent School's motion for partial summary judgment on its counterclaim for attorneys' fees should be granted, and Chicago Title's motion for summary judgment should be denied.

DEFENDANT – THE KENT SCHOOL CORPORATION

By __/s/ Francis J. Brady________________
Francis J. Brady –ct04296

Murtha Cullina LLP
CityPlace I – 185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone: (860) 240-6000
Facsimile: (860) 240-6150
Email: fbrady@murthalaw.com
Its Attorney

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Reply Memorandum to Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment was filed electronically and was mailed first class, postage prepaid this 13th day of December, 2006 to counsel of record noted below. Notice of this filing will be sent by e-mail to the noted counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Frank P. Coulom, Jr., Esq.
Marion Manzo, Esq.
Andrea Donovan Napp, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-34597

Lawrence Heffernan, Esq.
Robinson & Cole LLP
One Boston Place
Boston, Massachusetts 02108-4404

/s/ Francis J. Brady
Francis J. Brady – ct 04296