UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHICAGO TITLE INSURANCE COMPANY<br><br>Plaintiff,<br>V.<br><br>KENT SCHOOL CORPORATION<br><br>Defendant. | | CIVIL NO. 3 02 CV 1095 (CFD)<br><br>JUNE 26, 2007 |

**CHICAGO TITLE'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

The Plaintiff, Chicago Title Insurance Company ("Chicago Title"), hereby submits this supplemental memorandum of law in support of its motion for summary judgment, dated October 27, 2006, to address the impact of the Connecticut Supreme Court's recent decision in ACMAT Corp. v. Greater New York Mutual Ins. Co., 282 Conn. 576 (May 29, 2007).[1] In ACMAT the Connecticut Supreme Court addressed, for the first time, the precise issue before this Court, and held, that, absent contractual or statutory provisions, a trial court may award attorney's fees to a policyholder that has prevailed in a declaratory judgment action against its insurance carrier ***only*** if the policyholder proves that the carrier acted in bad faith. Id. at 592. In light of this decision, this Court need only determine whether Chicago Title acted in bad faith by filing a declaratory judgment action seeking a determination of its coverage obligations.

[1] A copy of the decision is attached hereto at Exhibit 1.

Because Chicago Title has clearly not acted in bad faith, summary judgment should enter in its favor.

**I. The Connecticut Supreme Court Has Concluded That A Showing Of Bad Faith Conduct Is Required In Order To Impose Attorney's Fees On An Unsuccessful Insurer Litigant Under The Declaratory Judgment Act**

In its previous submissions to this Court, Chicago Title argued that, although Connecticut's highest court had not yet ruled on the issue of whether an insured who prevailed on a declaratory judgment action was entitled to an award of attorney's fees absent a breach of its duty to defend, the court's prior related decisions indicated that it would not likely craft such a broad exception to the American rule without requiring some showing of bad faith conduct on the part of the insurance carrier. See Chicago Title's Memorandum of Law in Support of Motion for Summary Judgment, dated October 27, 2006 ("Mem. Law"), at 7; Chicago Title's Memorandum of Law in Opposition to Kent School's Motion for summary Judgment, dated November 21, 2006 ("Opposition"), at 1-2. Thus, claimed Chicago Title, this Court was required to look beyond the extra jurisdictional case law relied heavily on by Kent School and consider the likely position of the Connecticut Supreme Court. Id.

The Connecticut Supreme Court, however, recently decided the issue in its decision in ACMAT Corp. v. Greater New York Mutual Ins. Co., which was released on May 29, 2007. Under the rule espoused in ACMAT, absent a contractual or statutory exception, a successful policyholder is entitled to an award of attorney's fees only upon proof that the insurer engaged in bad faith conduct prior to or in the course of the declaratory judgment litigation. Id. at 592. In ACMAT, the plaintiff, a corporation engaged in installing ceilings in commercial buildings, filed a declaratory judgment action against its insurance carrier after the carrier denied coverage based

on its determination that no policy of insurance existed. Id. at 578. The trial court ruled in favor of the plaintiff, concluding that coverage existed under a valid policy of insurance. Id. at 579. The Appellate Court affirmed the judgment of the trial court. Id. at 579-80. Thereafter, the trial court granted the plaintiff's motion for attorney's fees, awarding it $126,152.50 for fees expended in prosecuting the declaratory judgment action. Id. at 580.

The defendant insurer appealed the award of attorney's fees to the Connecticut Supreme Court, arguing that the trial court's award violated the well-established American rule that attorney's fees are not allowed to a successful party absent a contractual or statutory exception or bad faith conduct. Id. at 581. The plaintiff maintained that the unique relationship between an insured and its carrier necessitated the award of fees and urged the court to adopt an exception to the American rule requiring an insurer that has refused to defend its insured to pay the insured's attorney's fees incurred in prosecuting a declaratory judgment action. After reviewing the decisions of several states, including those states making such an exception, the court rejected the plaintiff's argument and concluded that, absent a statutory or contractual provision, attorney's fees could be awarded to a prevailing policyholder in a declaratory judgment action "only if the policyholder can prove that the insurer has engaged in bad faith conduct prior to or in the course of the litigation." Id. at 592. The court explained that "this limited exception reflects an appropriate accommodation between the policy underlying the American rule of permitting parties, including insurance companies, to litigate claims in good faith, but still provides protection to those policyholders that might confront 'stubbornly litigious' insurance companies that take specious positions in order to attempt to avoid paying legitimate claims." Id.

In light of the Connecticut Supreme Court's determination, this Court's analysis is limited to whether or not Chicago Title has acted in bad faith, thereby triggering the extremely limited exception articulated in ACMAT.[2] As discussed in Chicago Title's previous submissions, it cannot seriously be claimed that Chicago Title acted in bad faith merely by exercising its rights under the Declaratory Judgment Act, 28 U.S.C. § 2201. Chicago Title has provided a defense to Kent School in the underlying actions since 1977. Opposition, at 4. It has paid a total of $1,094,795.89 for Kent School's legal fees in defending the two lawsuits brought by the Schaghticoke Tribal Nation. Id. Indeed, even after Chicago Title sought to tender the policy limits in fulfillment of its obligations, it continued to provide a defense. Id. Chicago Title's exercise of its statutory rights is simply not tantamount to bad faith. Therefore, absent bad faith, Chicago Title is not liable for attorney's fees under ACMAT.

## II. Conclusion

Because Chicago Title has not acted in bad faith, under the rule articulated in ACMAT v. Greater New York Mutual Ins. Corp., summary judgment should enter in favor of Chicago Title on Kent School's second counterclaim.

[2] Moreover, the extra jurisdictional cases relied upon by Kent School are inapposite.

PLAINTIFF,
CHICAGO TITLE INSURANCE
COMPANY
/s/____________________________

Lawrence P. Heffernan (ct 22567)
lheffernan@rc.com
Andrea Donovan Napp (ct 26637)
anapp@rc.com
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8240
Fax No.: (860) 275-8299

**CERTIFICATION**

I hereby certify that on June 26, 2007, a copy of the foregoing Supplemental Memorandum of Law in Support of Motion for Summary Judgment was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Francis Brady, Esq.
Murtha Cullina LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103-3469

/s/

Andrea Donovan Napp